[No. 20757. Department Two. — June 30, 1891.]

THE PEOPLE, RESPONDENT, v. PATRICK BARRY, APPELLANT.

CRIMINAL LAW — ASSAULT TO ROB — SIMPLE ASSAULT — INSTRUCTION INAPPLICABLE TO FACTS. — Upon the trial of a defendant charged with an assault with intent to commit robbery, it is not error for the court to refuse to instruct the jury "that under the charge they might find him guilty of simple assault," where the evidence tends to show that he was either guilty of the crime charged, or of no offense at all.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*J. D. Sullivan*, for Appellant.

*Attorney-General Hart*, for Respondent.

FITZGERALD, C. — The defendant was accused, by information, of an assault with intent to commit robbery,

and two previous convictions of petit larceny. Upon arraignment he pleaded not guilty, and admitted the prior convictions. He was then tried and found guilty as charged, and sentenced to imprisonment in the state prison for the period of six years.

The evidence upon which he was convicted is substantially as follows: —

On the night of March 2, 1890, between the hours of seven and eight o'clock, as the prosecuting witness, George Engert, was walking along Harrison Street, in the city of San Francisco, he was violently seized by the defendant and two others, by whom he was severely beaten and choked; that one of the parties making the assault forcibly took from his possession a dog which he held by a chain, while the other two, one of whom was the defendant, attempted by means of force and violence, and against his will, to take from his possession the sum of two dollars in money which he at the time had in one of the pockets of his pants; that during the struggle the police-officer, whose attention was attracted to the place by Engert's cries for help, came upon the scene and took hold of the defendant, who at the time had his right arm around the neck of Engert; the others, on the approach of the officer, made good their escape by flight.

The defendant, who was a witness in his own behalf, testified as follows: " I was coming down Harrison Street on the night in question. I did not rob this man, or attempt to rob him. I saw two men have hold of him, and his cries made me go to him. He appeared to be fighting the other men. I tried to help him, and as I got close the dog-chain got around my legs, and I was trying to disengage myself when the policeman came up."

The only error complained of which we deem it necessary to notice relates to the refusal of the court to instruct the jury, upon the request of the defendant, " that under the charge they might find him guilty of simple assault." We are of the opinion that this request was

properly refused, for the reason that the evidence tended to show that he was guilty of the crime charged, or of no offense at all. The instruction asked was not applicable to the facts of the case, and as the verdict is manifestly right on the evidence, we advise that the judgment and order be affirmed.

TEMPLE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.