[No. 20842.   Department One. — March 2, 1892.]

THE PEOPLE, RESPONDENT, *v.* J. W. SCOTT, APPELLANT.

CRIMINAL LAW — ASSAULT TO MURDER — INSTRUCTION — SIMPLE ASSAULT. — Where the evidence is of such a character as to show that a defendant, charged with an assault with intent to commit murder, was either justifiable or guilty of a graver offense than a simple assault, the court is not required to give an instruction that the defendant could be convicted of a simple assault, especially if no instruction was requested to that effect by defendant's counsel.

ID. — EVIDENCE — CROSS-EXAMINATION — THREATS OF PROSECUTING WITNESS — HOSTILE BIAS — IMPEACHMENT — HARMLESS RULING. — It is not prejudicial error to refuse to allow a defendant accused of an assault with intent to murder to ask the prosecuting witness, on cross-examination, concerning alleged threats made by such witness against the defendant prior to the day of shooting, when such matters were not adverted to on the examination in chief, and could only be proper to indicate the hostile bias of the witness, or to lay a foundation for his impeachment, and where the hostile bias otherwise sufficiently appears, and the court subsequently admitted proof of the same threats by witnesses for the defendant in whose hearing they were made.

APPEAL from a judgment of the Superior Court of Napa County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

· *C. S. Harker*, for Appellant.

*Attorney-General Hart*, for Respondent.

GAROUTTE, J. — Defendant was convicted of an assault with intent to commit murder, and now prosecutes an appeal to this court. The instructions asked by defendant and refused were substantially given in the charge of the court. Neither do we think the evidence was of the character upon which to predicate an instruction that the defendant could be convicted of a simple assault. He was either justifiable or guilty of a graver offense. (*People* v. *Madden*, 76 Cal. 521.) Again, if counsel desired such an instruction to be given, he should have requested the court to that effect.

It is insisted that the court erred in refusing to allow defendant to ask the prosecuting witness, on cross-examination, questions concerning alleged threats made by said witness against defendant prior to the day of the shooting. These matters were not adverted to in the examination in chief, and could only be proper in cross-examination for the purpose of indicating the prejudice and bias of the witness upon the stand, and thereby tending to weaken the effect of his testimony. Inasmuch as the witness was then testifying in the role of a prosecuting witness against the defendant, upon an accusation charging the defendant with assault to murder him, it would seem that the presentation of evidence upon the part of the counsel tending to show the bias of the witness against the defendant was a waste of energy. The record recites: "Counsel for defendant then inquired fully into a quarrel defendant and the witness had on the twenty-first and twenty-second days of January, and as to witness's feelings toward defendant, all of which said inquiries were fully answered by the witness." It would seem from this disclosure in the record that the court allowed defendant quite a wide latitude in exhibiting the *animus* of the witness's mind to the jury. The main point in defendant's contention appears to be, that

the error was committed in not allowing him to ask the witness if he had not stated to various parties (naming them) that he (witness) would use his shot-gun upon the defendant, or words to that effect. Counsel insists that these questions were proper for the purpose of laying a foundation for impeachment. Conceding such to be the fact, the error of the court rejecting the offered testimony was entirely harmless, for the defendant, in presenting his own case to the jury, proved by these various parties the statements made by the witness, and being the same matters upon which the court refused to allow the witness to be interrogated. There could be no error in refusing to allow defendant to lay a foundation for impeachment, when the court subsequently admitted the impeaching testimony without a foundation. The statements were admitted in evidence before the jury, and that was all the defendant could ask.

Let the judgment and order be affirmed.

PATERSON, J., and HARRISON, J., concurred.