[No. 20853. In Bank. — March 10, 1892.]

THE PEOPLE, RESPONDENT, *v.* FRANK WRIGHT, APPELLANT.

CRIMINAL LAW — MAYHEM — MALICE AFORETHOUGHT — EVIDENCE — PRESUMPTION OF MALICE. — Malice aforethought is not an essential element in the crime of mayhem, and proof of premeditation or deliberation is not required; but it is sufficient to prove the commission of the act, from which the law will presume, though it be done in pursuance of an intent formed during the conflict, that it was done unlawfully and maliciously, unless the evidence tends to show that it was done under circumstances constituting self-defense.

ID. — ELEMENTS OF CRIME — CONSTRUCTION OF CODE — MALICE IN MAYHEM. — A concurrence of act and intent or criminal negligence are the only elements essential to constitute a crime or public offense within the meaning of section 20 of the Penal Code, the only exception being those cases where malice aforethought is made by section 188 of the same code a necessary and additional element; and in section 203 of the Penal Code, defining the offense of mayhem, the word "maliciously" merely imports, as defined in subdivision 4 of section 7 of the Penal Code, "a wish to injure another person, or an intent to do a wrongful act, established either by proof or presumption of law."

ID. — EVIDENCE — INTERFERENCE OF PROSECUTING WITNESS IN QUARREL — OPINION — PROVINCE OF JURY. — Upon a prosecution for mayhem, where it appears that the prosecutor stepped in to separate the defendant and a third party while they were engaged in fighting, and the defendant thereupon bit off a piece of the prosecutor's ear, a question by the defendant's counsel as to whether the interference was such as would carry the information to the defendant that the prosecutor was only interfering as a friend, or whether it would be likely to mislead the party as to his object, is objectionable, as calling for the opinion of the witness upon a matter of fact within the province of the jury to determine, and of which they were the exclusive judges.

a matter of fact within the province of the jury to determine, and of which they were the exclusive judges.

ID. — INSTRUCTION AS TO VERDICT — LESSER OFFENSE. — Where a lesser offense is necessarily included in that which is charged, the jury may find the defendant guilty of such lesser offense; yet where the evidence tends to prove the defendant guilty of the crime of mayhem charged, or of no offense at all, it is proper to instruct the jury that they cannot find him guilty of any less offense than that charged.

APPEAL from a judgment of the Superior Court of Nevada County, and from an order denying a new trial.

The facts are stated in the opinion.

*J. M. Walling*, for Appellant.

*Attorney-General Hart*, and *Deputy Attorney-General Sanders*, for Respondent.

FITZGERALD, C. — The defendant was convicted of the crime of mayhem, and sentenced to imprisonment in the state prison for the term of three years. From the judgment of conviction, and the order denying his motion for a new trial, this appeal is taken.

Section 203 of the Penal Code, upon which the information herein was founded, reads as follows: " Every person who unlawfully and maliciously deprives a human being of a member of his body, or disables, disfigures, or renders it useless, or cuts or disables the tongue, or puts out an eye, or slits the nose, ear, or lip, is guilty of mayhem."

The evidence upon which he was convicted is in substance as follows: Defendant, while drinking in a saloon with several others, became involved in a quarrel with one of the party named Crall, who challenged him for a fight, which he declined. Crall then left the saloon, and immediately thereafter defendant " threw off his overcoat" and walked up to one of the party named Trood, who, it appears, was very drunk, and addressing him in an angry manner, said: " Any one who says Crane was in this is a damned liar." Trood responded: " I said it, and I am not a damned liar." Defendant then struck at Trood, and they at once engaged in a fight. The

prosecuting witness, Fuller, whose relations with the defendant were friendly, but not intimate, and who had taken no part in any of the previous quarrels referred to, was standing near by when the altercation occurred, and when the combatants clenched he stepped in between them, and taking hold of both parties separated them, telling them, in effect, as he did so, to quit fighting. Defendant thereupon, and while Fuller had hold of him, threw his arm around Fuller's neck, and seizing his ear with his teeth, bit a part of it off.

It is claimed by appellant that the evidence is insufficient to justify the verdict, because there was no proof of premeditation or deliberation. Malice as defined by section 188 of the Penal Code is expressly limited in its application to those cases in which malice aforethought is made an essential element, and is therefore not applicable to the case under consideration, as the definition of the word "maliciously" as herein employed is to be found in subdivision 4 of section 7 of the Penal Code, and reads as follows: "The words 'malice' and 'maliciously' import a wish to . . . . injure another person, or an intent to do a wrongful act, established either by proof or presumption of law."

And section 20 of the same code provides that "in every crime or public offense there must exist a union or joint operation of act and intent, or criminal negligence." It will thus be seen that a concurrence of act and intent, or criminal negligence, are the only elements essential to constitute a crime or public offense within the meaning of this section, the only exception being in those cases where malice aforethought is made by section 188, referred to, a necessary and additional element. It therefore follows that as malice aforethought is not an essential element in the crime of mayhem, proof of premeditation or deliberation is not required. But the requirements of the statute in such cases will be fully met by proof of the commission of the act, from which the law will presume, though it be done in pursuance of an intent formed during the conflict, that it was done unlaw-

fully and maliciously,—that is, "with a wish to . . . . injure another person, or an intent to do a wrongful act," —unless the evidence tends to show to the contrary,— that is, that it was done in necessary self-defense, and under circumstances that were at the time unavoidable, in order to prevent the infliction or attempted infliction of some great bodily harm by the party injured.

The cases of *Godfrey* v. *People*, 63 N. Y. 207, and *Tully* v. *People*, 67 N. Y. 15, cited by counsel for appellant, and relied on as authority, are founded on a statute which requires that the maiming must result from "a premeditated design evinced by lying in wait," etc., and the court, in construing this statute in those cases, held the design must *precede* the conflict, and not originate with or grow out of it. The reasoning of the court in these decisions upon the New York statute, which, as will be seen, is dissimilar to our own, can have no application to cases of mayhem arising under our code. And under the views herein expressed, it follows that the case of *State* v. *Cody*, 18 Or. 506, also cited by appellant, is not authority.

A careful examination of numerous reported cases show that the crime of mayhem is generally committed in the midst of sudden altercations, without premeditation or deliberation, in view of which we are satisfied that the object of the legislature in the enactment of section 203 of the Penal Code was to suppress such shocking brutality in personal rencounters; and if proof of premeditation or deliberation was required, as contended for by appellant, the statute would be unavailable for the accomplishment of the very purpose for which it was plainly intended.

In the case before us, the atrocity of the act itself creates the presumption that it was intended, and as it does not appear to have been done under circumstances constituting a valid defense under the law, it follows that the defendant was properly convicted of the crime charged. The excuse that the act was done while engaged in a fight suddenly brought on by the interference of Fuller,

and under the belief by defendant that such interference was hostile to him, constitutes no defense.

It is claimed that the court erred in charging the jury, "that if you find the defendant guilty, it must be of the offense charged in the information, and that you cannot find him guilty of any less offense. And if you do not believe him guilty of that charge, — the charge of mayhem, — then you should find him not guilty." Where a lesser offense is necessarily included in that which is charged, the jury may find the defendant guilty of such lesser offense. (See Pen. Code, sec. 1155.) But where, as is the case here, "the evidence tended to show that he was guilty of the crime charged, or of no offense at all" (*People* v. *Barry*, 90 Cal. 41; *People* v. *Madden*, 76 Cal. 521), such charge was entirely proper.

The contention that the court erred in its modification of defendant's instructions numbered 1 and 8, and by its refusal to give them as requested, is not well founded, for the reason that the subject-matter of the instructions as modified is in accord with the views herein expressed, and correctly states the law.

With reference to the charge of the court and the instructions, considered as a whole, it is sufficient to say that they are far more favorable to the defendant than he was entitled to under the law.

It is lastly insisted that the court erred in sustaining the objection of the district attorney to the following question: "Was it such an interference [referring to the interference of Fuller when he stepped in to separate defendant and Trood, while they were engaged in fighting] as would carry the information to the defendant that this party was only interfering as a friend? or would it be likely to mislead the party as to his object?" The objection to this question was properly sustained, for the reason that it called for the opinion of the witness in relation to a matter which it was the peculiar province of the jury to determine, and of which they were the exclusive judges.

We are of the opinion that the judgment and order should be affirmed, and we so advise.

Belcher, C., and Foote, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.