# PEOPLE v. DAVIS.

## No. 21,035; March 13, 1894.

### 36 Pac. 96.

Jurors—Prejudice.—A Juror on His Voir Dire was Asked by the defense if he had any special prejudice against offenses "committed during Sunday broils." The district attorney, objecting, remarked that no one broiled but defendant. The juror was accepted without challenge. Held, no prejudice.

Jurors—Qualification.—Where a Juror Understands English "pretty well," but will not say that he could always understand what anyone might say in English, it is for the court to decide whether he is competent to comprehend all that might be said in his hearing.

Criminal Trial—Admission of Evidence Taken at Preliminary Examination.—A subpoena for the prosecuting witness, a farm laborer,

issued more than two weeks before the trial, and like writs sent and specially commended to the sheriffs of four adjoining counties, were all returned unserved. The county officer testified that inquiry had been made of the farmers in the chief towns of the county, and all over the county. Held, a predicate for a sworn stenographer's report of his evidence in the preliminary examination.

Criminal Trial—Admission of Evidence Taken at Preliminary Examination.—On error assigned to the admission of the reporter's record of evidence on preliminary examination, the certificate, if not set out in the record, is presumed to have been in proper form.

Criminal Trial—District Attorney Reading Instructions.—There is no objection to the district attorney's reading to the jury parts of the court's instructions, if the court permits.

Criminal Trial.—In the Absence of a Plea of Insanity, evidence that defendant had long ago been hit on the head and mentally and physically injured is immaterial.[1]

Assault.—An Assault With a Knife, where prosecutor is cut on the head and neck, is not a simple assault.

APPEAL from Superior Court, Tehama County; John F. Ellison, Judge.

David Davis, convicted of assault with a deadly weapon, appeals. Affirmed.

W. M. Gibson and H. P. Andrews for appellant; L. V. Hitchcock, district attorney, and Attorney General Hart for the people.

BELCHER, C.—The defendant was convicted of an assault with a deadly weapon upon one Charles Schmidt, and this appeal is from the judgment and an order denying his motion for a new trial.

It is contended for appellant that he was prejudiced by the conduct of the district attorney, and by numerous alleged erroneous rulings of the court, during the progress of the trial, and hence that the judgment should be reversed. The matters complained of will be noticed briefly in their order.

---

[1] Cited and followed in People v. Brown, 15 Cal. App. 399, 114 Pac. 1006, a case where a charge of murder had been sought to be met by the plea of self-defense, but the counsel of the person charged would have had the latter, on his examination, testify as to an injury to his head once received by him, as affecting the question of responsibility.

When the juror first called was being examined on his voir dire, he was asked by counsel for defendant if he had any special prejudice against offenses "committed during Sunday broils." The district attorney objected to the question, and remarked: "Nobody broiled but the defendant." It is said that this remark was uncalled for, and tended to prejudice the juror against the defendant. The juror was accepted without challenge; and, conceding that the remark was uncalled for, and should not have been made, still we are unable to see how any prejudice necessarily did result, or could have resulted, therefrom.

Again, when the district attorney was making his opening argument, he read to the jury portions of the instructions of the court; and it is said that, conceding counsel in his argument may read the instructions of the court, still it is improper to read only portions thereof, "and those portions presumably the part bearing most strongly against the defendant; thus emphasizing that portion of the charge of the court most damaging to the defendant." The district attorney had the undoubted right to state to the jury the facts of the case and the law applicable thereto, and it must be presumed that, when he read portions of the charge, he was permitted by the court to do so, and that the portions read were applicable to the facts under discussion, and declared the law correctly. In this we fail to see any misconduct on the part of the attorney, or anything of which the defendant should be heard to complain.

One of the jurors called was a German. On his examination as to his fitness to serve, he was asked by counsel for defendant if he could speak and understand the English language with ease. He answered: "Well, I understand the English pretty well. Can talk it, but I can't write much. Can write a little. I can read pretty well." "Q. Can you always understand what anyone says when they speak in English? A. I would not say I could always. In some cases I don't think I could." Other like questions were asked and answered, and the counsel then challenged the juror upon the ground that, according to his own statement, he did not understand the English language so as to comprehend all that might be said in his hearing. The challenge was denied, and an exception reserved. There was no error in this ruling. It

was for the court to determine as to the qualifications of the juror, and, after seeing him and hearing him talk, it properly concluded, so far as we can see, that he was competent to act.

Another juror, on being called, was asked by counsel for defendant: ''Do you think there are cases in which an aged and decrepit man might, on account of his physical infirmity, necessarily have to use a weapon to defend himself, whereas, in the same case, a younger and stouter man might be able to resist whatever force was used without weapons?'' An objection that the question was irrelevant and immaterial was sustained, and this ruling is assigned as error. Undoubtedly a case may be supposed where an aged and decrepit man might be justified in using a weapon to defend himself when a young and vigorous man would not be. But to constitute justification in any case, the circumstances shown must be such as are declared by the statute to have that effect; otherwise. neither age nor decrepitude, youth nor vigor, would cut any figure in the case. In this case the law bearing upon the subject in hand was clearly and fully stated by the court to the jury, and we fail to see, therefore, how the defendant could have been prejudiced by the ruling complained of.

The prosecuting witness, Charles Schmidt, was not present at the trial. The district attorney called the under-sheriff of the county, and proved by him that a subpoena for Schmidt was placed in his hands for service more than two weeks before the trial, and that like subpoenas were sent to the sheriffs of the four adjoining counties, with directions to use every effort to find the witness; and that all of the subpoenas had been returned unserved. The said subpoenas, with the returns thereon, were offered in evidence, and the officer was then asked: ''What other efforts, if any, have you made toward finding the whereabouts of the witness? A. We have made inquiry of every farmer of any prominence we could see in town, and Corning and Vina, and different parts. of the county. Q. All over the county and different parts of it? A. Yes, sir. Q. Have you been able from any and all steps taken by you personally, or by the office, to ascertain and find the whereabouts of the man Chas. Schmidt? A. I have not been able to ascertain anything about where he went.'' One Grinnell was then called, and testified: ''I am official court reporter of Tehama county, California, and was sworn to take

the evidence in the preliminary examination of People v. David Davis. The transcript shown me was the evidence of Chas. Schmidt, taken at said examination. The certificate shown me is my certificate. The evidence taken at that time was taken in shorthand, and written out in longhand by me.'' Thereupon the evidence of Schmidt given on the preliminary examination of defendant was offered and admitted in evidence, against the objection of defendant that no sufficient foundation for its admission had been laid, and that there was no proper certificate to the reporter's transcript. It is earnestly contended for appellant that the court erred in admitting the offered evidence, for the reason that there was no sufficient showing that the missing witness could not, with due diligence, be found within the state. We do not think this contention should be sustained. It appeared from other evidence given during the trial that the witness had been a laborer on farms in Tehama county for several years. He had disappeared, and we cannot say that the court abused its discretion in holding that due and reasonable diligence had been used to find him.

The objection that no proper certificate was attached by the reporter to the transcript cannot be entertained. The certificate is not set out in the record, and what was its form or character does not appear. If deemed insufficient, it should have been set out; and, not being so, it must be presumed to have been in proper form. The other objections to the transcript are without merit, and do not require special notice.

It was proved that, some ten or twelve years before the trial, defendant received a violent blow on the head, which rendered him unconscious and kept him in bed five or six weeks, and that his physical condition was greatly impaired by the blow. Several witnesses were then called by the defendant to prove that his mental condition was also greatly impaired by the blow. The evidence was objected to as irrelevant and immaterial, and the court held that it was so, unless the plea of insanity was set up. No such plea being interposed, the evidence was excluded and exceptions reserved. It is not claimed that defendant was an idiot or lunatic when he committed the offense charged; and, this being so, the evidence sought to be introduced was clearly immaterial, since he was responsible for his willful acts, whether he was then a strong or weak minded man.

The instructions given to the jury were very full, covering the whole case, and stated the law correctly. The court properly modified one of the instructions asked by defendant. As presented, it was inaccurately drawn, and, as modified and given, it was clearly correct. The failure of the court to instruct the jury that, under the charge made, the defendant might be found guilty of a simple assault, was not error. The charge was an assault with intent to commit murder, and it was proved, without dispute, that defendant made the assault on Schmidt with a knife, and cut him on the head and neck. He was therefore, if guilty at all, guilty of more than a simple assault: People v. Madden, 76 Cal. 521, 18 Pac. 402; People v. Scott, 93 Cal. 516, 29 Pac. 123. The instructions asked by the district attorney, to which objection is made, have been given and approved in many cases, and do not require further discussion. See People v. Bruggy, 93 Cal. 483, 29 Pac. 26, where the authorities are reviewed.

Looking at the whole case, we find no prejudicial error, and therefore advise that the judgment and order be affirmed.

We concur: Searls, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.