[No. 21105.   In Bank.—February 25, 1895.]

THE PEOPLE, RESPONDENT, v. WINNIE STANTON, APPELLANT.

CRIMINAL LAW—THROWING OF VITRIOL—ASSAULT.—An indictment for the willful and malicious throwing of vitriol, with intent to disfigure the body of another, includes an assault as a necessary element of the offense; but where every element of the offense charged is shown by the evidence, without contradiction, except the single element of intent, the court may properly refuse to instruct the jury that the defendant may be convicted of a simple assault, or of a mere attempt to commit the offense charged in the information.

ID.—REVIEW OF CHARGE UPON APPEAL.—Although the charge of the court, taken as a whole, may be styled as argumentative, yet if there is nothing in it prejudicial to the appellant's rights the judgment will not be reversed.

ID.—PROPER CHARACTERISTICS OF CHARGE TO JURY.—The charge to the jury should be a plain statement of the law bearing upon the facts of the case, and should be so fair, impersonal, and well balanced that the jurors will be unable to deduce therefrom the opinion of the judge as to the guilt or innocence of the accused.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*John L. Love*, and *A. O. Cotton*, for Appellant.

*Attorney General W. H. H. Hart*, and *Deputy Attorney General Charles H. Jackson*, for Respondent.

GAROUTTE, J.—Appellant was convicted of violating the provisions of section 244 of the Penal Code, which provide: "Every person who willfully and maliciously places or throws, or causes to be placed or thrown, upon the person of another, any vitriol, corrosive acid, or caustic chemical of any nature, with the intent to injure the flesh or disfigure the body of such person, is punishable by imprisonment in the state prison not less than one, nor more than fourteen, years." The evidence in the case proves conclusively that the appellant intentionally threw vitriol at and upon the prosecuting witness Stember, and that such vitriol burnt both his clothes and his person.

Upon the information, and evidence offered thereunder, appellant's counsel asked the court to instruct the jury that his client might be convicted of a simple assault, or of an attempt to commit the offense charged, and this the court declined to do. The court based its refusal upon the ground that an assault was not a crime included in the offense charged in the information, and that an instruction upon the question of attempt was not justified by the evidence. We are of the opinion that an assault is a necessary element of the offense declared by section 244 of the Penal Code. Wharton, in his work upon Criminal Law, in treating of assaults, at section 610, says: "There are cases of poisoning that clearly involve assaults, e. g., throwing vitriol at another, injecting poison by force. Here there can be no question." But, even conceding appellant's contention in this regard to be sound, that an assault was a necessary element of the offense charged, still we do not think the question of assault was one proper to be submitted to the jury in the present case. The facts did not justify it. Every element of the offense charged is con-

clusively shown by the evidence, without contradiction, save the single element of intent. The appellant willfully and maliciously threw the vitriol upon the person of the prosecuting witness. This cannot be gainsaid, and the only open question remaining is, What was her intent in doing the act? Upon such a state of facts the instruction was properly denied.

An assault is defined to be an unlawful attempt, coupled with a present ability, to inflict a violent injury upon the person of another, and, consequently, if the evidence in this case proved an assault, it proved more, and proved the offense charged in the information. The court rightly refused to instruct the jury that they might convict the defendant of an "attempt" to commit the offense charged in the information, for if there was an attempt to commit the offense, that attempt was carried out. The defendant did all that she contemplated doing, and her attempt was in no way frustrated. Upon a charge of robbery, if the property is actually taken by the criminal, the question of an attempt to commit robbery is foreign to the issue upon trial, and not a proper subject matter to be submitted to the jury. It also necessarily follows upon the same line of reasoning that, if the question of "attempt" to commit the offense is not one to be submitted to the jury, that likewise the question of "assault" is not a proper subject of inquiry for the jury, the only difference between the two offenses being one of "present ability to inflict the injury," and that element of the case is not a material one in this discussion.

If the evidence in the case was contradictory as to whether or not the vitriol was actually thrown upon the *person* of the prosecuting witness, then the instructions asked should have been given, but we find no such contradiction in the record. Measured by the evidence, the only open question in the case was one of intent, and the proper solution of that question of fact could in no way cast any light upon the duty of the court in giving or rejecting the instructions asked. As supporting gen-

erally the principles here discussed, see *People* v. *Madden*, 76 Cal. 521; *People* v. *Barry*, 90 Cal. 41; *People* v. *Wright*, 93 Cal. 564; *People* v. *Scott*, 93 Cal. 516.

The charge of the court, taken as a whole, is somewhat argumentative, and to that extent is objectionable. But, after a careful perusal of it, we see nothing therein so prejudicial to appellant's rights as to demand a reversal of the judgment. A judge's charge to the jury should be a plain statement of the law bearing upon the facts of the case. It should be so fair, impersonal, and well balanced that the jurors who are to be guided by it in their deliberations in the jury-room will be unable to deduce therefrom the opinion of the judge as to the guilt or innocence of the accused. "A judge cannot be too cautious in a criminal trial in avoiding all interference with the conclusions of the jury upon the facts." (*People* v. *Williams*, 17 Cal. 147.)

For the foregoing reasons the judgment and order are affirmed.

McFARLAND, J., TEMPLE, J., HARRISON, J., and VAN FLEET, J., concurred.