[Crim. No. 1288.  First Appellate District, Division One.—July 22, 1926.]

## THE PEOPLE, Respondent, v. HAROLD DERWIN et al., Appellants.

[1] CRIMINAL LAW—ALIBI—BURDEN OF PROOF—REASONABLE DOUBT.—Where the state has established a *prima facie* case, and the defendant relies upon the defense of alibi, the burden is upon him to prove it, not beyond a reasonable doubt nor by a preponderance of evidence, but by such evidence and to such a degree of certainty as will, when the whole evidence is considered, create and leave in the minds of the jury a reasonable doubt of the guilt of the accused.

[2] ID.—INSTRUCTIONS—EVIDENCE.—An instruction on the defense of alibi is proper and sufficient which charges that if the evidence of an alibi, in connection with all the other evidence in the case, raises a reasonable doubt of the presence of the accused at the time and place of the crime he should be given the benefit of such doubt, and be acquitted.

[3] ID.—INSTRUCTIONS—RELATION TO EVIDENCE.—No instruction should be given which is not based upon some theory logically deducible from some portion of the evidence.

[4] ID. — ROBBERY — ASSAULT — INSTRUCTIONS. — In a prosecution for robbery, where the only evidence offered by defendants was that tending to prove that they were not present at the time and place of the alleged crime, and under the evidence before them the only verdict which the jury could render was one of guilty as charged in the indictment, or acquittal, an instruction that, if the jury should find that defendants were merely guilty of an assault upon the person of the complainant, they should find defendants guilty of the crime of assault, was properly refused, there being no evidence to which it could refer.

[5] ID. — TAKING OF PROPERTY FROM PERSON OF ANOTHER — VALUE — EVIDENCE—INSTRUCTIONS.—In such prosecution, where under the evidence the offense charged included that of a violation of subdivision 2 of section 487 of the Penal Code, and the testimony of the complaining witness that his watch was taken and that it had pecuniary value was uncontradicted, the refusal of the trial court to instruct the jury that, unless the prosecution prove be-

---

1. Burden of proving alibi, note, 8 Ann. Cas. 1189. Degree of proof necessary for proof of alibi, notes, 62 Am. St. Rep. 680; 8 Ann. Cas. 1189; 41 L. R. A. 530. See, also, 8 R. C. L. 174, 200.

yond a reasonable doubt that the article or articles alleged to have been taken had some value, they must find defendants not guilty, if erroneous, was not prejudicial to a degree which justifies the conclusion that a miscarriage of justice resulted.

(1, 2) 16 **C. J.**, p. 533, n. 10, 13, p. 777, n. 90, p. **977, n. 53.** (3) 16 **C. J.**, p. 964, n. 41.    (4) 16 **C. J.**, p. 1045, n. 39.  **(5) 17** **C. J.**, p. 349, n. 93.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   Walter E. Herzinger, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Nathan C. Coghlan and Austin W. Arnold for Appellants.

U. S. Webb, Attorney-General, and Emery F. Mitchell for Respondent.

CASHIN, J.—Defendants were jointly charged by indictment with the crime of robbery.   A jury returned a verdict against both and determined the crime to be robbery of the second degree.   Their motions for a new trial and in arrest of judgment were denied, and they appeal from the order denying a new trial and from the judgment.

The grounds urged for reversal are that the court erred in giving and in its refusal to give certain instructions to the jury.

It was shown by the testimony that Robert Weir, the complaining witness, at about 1:30 o'clock A. M. of December 25, 1924, was walking in a northerly direction along Valencia Street in San Francisco when, upon reaching a doorway thereon in which two persons were standing, he stumbled over the foot of one of them, whereupon he was attacked by both, was beaten and after a struggle his watch, of the value of $50, with certain letters were taken from his person.   Defendants were arrested within a few minutes after the occurrence, and both denied then and at the time of the trial that they had seen the complaining witness previous to the arrest. The arresting officer testified that one of the defendants threw into the street letters which were identified as the

property of Weir, and the latter's watch with a broken chain attached was found a few feet from the letters. The clothing of the defendants was blood-stained, and both were identified by Weir as the persons who committed the robbery.

[1-2] Defendants having denied that they were present at the time or place of the alleged crime, an instruction was given defining the nature of an alibi, in which it was stated that "all the evidence should be carefully considered by you, and if the evidence on this subject, considered with all the other evidence, is sufficient to raise a reasonable doubt as to the guilt of the defendants you should acquit them." The part of the quoted portion of the instruction to which defendants except consists of the words "considered with all the other evidence," it being contended that the evidence adduced in support of the alibi should be considered independent of the other evidence in the case, and that the instruction was prejudicially erroneous.

We find no merit in defendants' contention. It was necessary for the prosecution to prove beyond a reasonable doubt that defendants were present at the time and place of the crime alleged; and while, as held in *People* v. *Winter,* 125 Cal. 325 [57 Pac. 1067], the alibi sought to be shown was not strictly a matter of defense, it being sufficient that there be adduced evidence sufficient to raise in the minds of the jury a reasonable doubt as to the fact, the jury in its determination of the fact may properly consider any evidence relevant to the issue. As the rule is stated in American and English Encyclopedia of Law, second edition (Alibi), volume 2 page 56, the true doctrine seems to be that where the state has established a *prima facie* case, and the defendant relies upon the defense of alibi, the burden is upon him to prove it, not beyond a reasonable doubt nor by a preponderance of evidence, but by such evidence and to such a degree of certainty as will, when the whole evidence is considered, create and leave in the minds of the jury a reasonable doubt of the guilt of the accused. And in Corpus Juris, volume 16, page 977 (Criminal Law): "As a general rule an instruction on the defense of alibi is proper and sufficient which . . . charges that if the evidence of an alibi in connection with all the other evidence in the case raises a reasonable doubt of the presence of the accused at the time

and place of the crime he should be given the benefit of such doubt and be acquitted.''

It is held in other jurisdictions that instructions charging that if, by reason of the evidence in relation to the alibi, the jury has a reasonable doubt of the guilt of the accused it should acquit are erroneous as predicating a doubt on the evidence of the alibi alone (*McClain* v. *State*, 182 Ala. 67 [62 South. 241]; *Jenkins* v. *State*, 22 Wyo. 34 [134 Pac. 260, 135 Pac. 749]).

[3] The court refused two instructions offered by the defense, which were as follows: ''The court instructs the jury that if they find from the facts in this case that these defendants were merely guilty of an assault upon the person of the complainant they should find these defendants guilty of the crime of assault,'' and ''The court instructs the jury that unless the prosecution in this case prove beyond any reasonable doubt that the article or articles alleged to have been taken had some value, intrinsic or relative, you must find defendants not guilty.'' No instruction should be given which is not based upon some theory logically deducible from some portion of the evidence (*People* v. *Sanchez*, 24 Cal. 17, 27; *People* v. *Atherton*, 51 Cal. 495; *People* v. *Hatch*, 163 Cal. 368, 383 [125 Pac. 907]). [4] In the instant case the only evidence offered by defendants was that tending to prove that they were not present at the time and place of the alleged crime; and under the evidence before them the only verdict which the jury could render was one of guilty as charged in the indictment or of acquittal. The instruction first mentioned, there being no evidence to which it could refer, was properly refused (*People* v. *Barry*, 90 Cal. 41 [27 Pac. 62]; *People* v. *Wright*, 93 Cal. 564, 568 [29 Pac. 240]; *People* v. *Stanton*, 106 Cal. 139 [39 Pac. 525]; *People* v. *Fitts*, 4 Cal. App. 432 [91 Pac. 536]; *People* v. *Ong Git*, 23 Cal. App. 148, 156 [137 Pac. 283]).

[5] In view of the evidence the offense charged included that of a violation of subdivision 2 of section 487 of the Penal Code. If it be admitted, as contended by defendants, that the law requires that the subject of these offenses be shown to have some pecuniary value, where, as here, the watch was introduced in evidence and, according to the testimony of its owner, which was uncontradicted, it had a pecuniary value, no finding that the article was valueless

would have been supported by the evidence; and the refusal of the second instruction, if erroneous, was not prejudicial to a degree which justifies the conclusion that the result was a miscarriage of justice.

The evidence being sufficient to support the verdict and no prejudicial error being shown, the judgment and order are affirmed.

Tyler, P. J., and Knight, J., concurred.