[Crim. No. 1699. First Appellate District, Division Two.—March 7, 1933.]

THE PEOPLE, Respondent, v. WILLIAM LINEHAN et al., Appellants.

Nathan C. Coghlan for Appellants.

U. S. Webb, Attorney-General, and W. R. Augustine, Deputy Attorney-General, for Respondent.

SPENCE, J.—The defendants were convicted of robbery of the first degree. They have appealed from the judgments of conviction and from the order denying their motion for a new trial.

The robbery was committed by three men shortly after 9:30 on the morning of May 7, 1932, in an establishment known as the White Front Market located at 18th and Bryant Streets in San Francisco. A lunch and delicatessen counter was located on one side of this market and a butcher's counter on the other side. At the time of the robbery there were five persons present in addition to the three perpetrators. These five persons include the two who operated the lunch and delicatessen counter, namely, Thomas Lagares and Grace Helfrich, and two others who operated the butcher's counter, namely, Charles Scheufele and Leonard Mullane. These four were called as witnesses for the prosecution. The fifth person present was an old lady customer about 82 years of age who was not called as a witness.

The testimony of the witnesses for the prosecution showed that the defendant Linehan entered the market alone and ordered something to eat at the lunch-counter. A few minutes thereafter defendants Cozzo and Oaken entered and with drawn guns announced: "This is a holdup." Defendant Linehan joined the other defendants and the three proceeded with the robbery, taking money from the cash registers and also from the person of Mr. Lagares. On the afternoon of the same day the three defendants were arrested while driving out of the city along the Bay Shore highway. At the time of their arrest there was a grip in the car containing two loaded guns. Three of the witnesses for the prosecution positively identified all three of the defendants as the men who perpetrated the robbery. The fourth witness identified two of the three men. The defendants offered evidence tending to show that all three men were in another part of the city at the time of the robbery.

On this appeal appellants urge but two grounds for reversal. They first contend that the evidence does not sustain the verdict. A recital of the above-mentioned testimony is a sufficient answer to this contention. While appellants point to certain discrepancies and inconsistencies in the testimony of the several victims of the robbery, there was nevertheless abundant evidence to sustain the verdicts of conviction.

Appellants further contend that the trial court erred in instructing the jury on the subject of alibi. In this connection appellants direct our attention to the following instructions which were given by the trial court:

"The court instructs the jury that in this case the defense contends that the defendants were not present at the time and place of the commission of the offense with which they are charged. This defense is what is known to the law as an alibi.

"An alibi is established by showing that the person charged with a crime was at some other place than that where the crime was committed at such a time that he could not have been at the place of the commission of the crime at the time it was committed, or that he was in such a position at such a time that he could not have perpetrated the crime."

In addition to the foregoing instructions referred to by appellants, the trial court gave among others the customary general instructions on reasonable doubt and also gave the following specific instruction:

"The court instructs the jury that if, after hearing all the evidence in this case, you entertain a reasonable doubt as to the identity of the persons who it is claimed by the People did the things which are described in the information, it will be your duty to find the defendants not guilty."

In support of their last-mentioned contention, appellants cite and rely upon *People* v. *Roberts,* 122 Cal. 377 [55 Pac. 137], *People* v. *Ross,* 89 Cal. App. 132 [264 Pac. 314], and *People* v. *Derwin,* 78 Cal. App. 781 [248 Pac. 1029]. In each of the cases cited the court comments upon certain instructions relating to the defense of alibi, but we find none of these authorities directly in point. A reversal was had in *People* v. *Roberts, supra,* because of erroneous instructions on this subject but the judgments were affirmed in the other two cases cited. Further comment upon various instructions together with reference to the decision in *People* v. *Roberts, supra,* is to be found in *People* v. *Arnold,* 199 Cal. 471 [250 Pac. 168], *People* v. *Hammer,* 74 Cal. App. 345 [240 Pac. 56], and *People* v. *Froehlich,* 65 Cal. App. 502 [224 Pac. 471], in all of which cases the judgments were affirmed.

We find no prejudicial error in the giving of the challenged instructions. Said instructions are practically entirely free from the objectionable features found in the instructions given in the various cases to which reference has been made. Appellants insist that the instructions given herein were prejudicial because the trial court assumed in said instructions that a crime had been committed. An instruction embodying a similar assumption was held to be erroneous in *People* v. *Roberts, supra,* but as pointed out in *People* v. *Froehlich, supra,* at page 508, "the case of *People* v. *Roberts* was decided before the adoption of section 4½ of Article VI of our Constitution". In the present case the uncontradicted and unimpeached testimony of several witnesses showed that a robbery had been committed. The defense made no claim to the contrary but relied solely on their claim that appellants were not present at the time. Under the circumstances no prejudice could result from the

assumption found in the instructions given. ▬ Appellants further insist that it was prejudicial to instruct the jury "that an alibi is a defense which must be established by the defendants". The first answer to this contention is that the jury was not instructed that anything "must be established by the defendants". While the word "established" is used in one of the instructions the jury was also instructed that they must find the defendants not guilty "if, after hearing all the evidence in this case, you entertain a reasonable doubt as to the identity of the persons who it is claimed by the People did the things which are described in the information". A reading of the entire charge convinces us that the jury was fully and fairly instructed and we are satisfied that the use of the word "established" could not have misled the jury. We are further of the opinion that the use of the word "defense" in one of said instructions, although not strictly accurate, when used with reference to alibi, was not in any manner prejudicial when said instruction is read with the other instructions given. (*People* v. *Ross, supra,* p. 140.)

The judgments and order appealed from are and each of them is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.