[Crim. No. 636.   Fourth Dist.   Aug. 8, 1945.]

THE PEOPLE, Respondent, v. WILLARD LONG,
Appellant.

Duckworth, Mussell & King for Appellant.

Robert W. Kenny, Attorney General, Frank Richards, Deputy Attorney General, and Jerome B. Cavanaugh, District Attorney, for Respondent.

MARKS, J.—This is an appeal from a judgment pronounced on defendant after his conviction of the crime of mayhem, and from an order denying his motion for new trial.

The only ground urged for a reversal of the judgment is that the evidence is insufficient to support the verdict. There is a sharp conflict in the evidence on several material points between that offered by the People and that of the witnesses for the defendant. As the jury evidently believed the witnesses for the prosecution and rejected some of the other testimony we need only outline the portions of the evidence tending to support the verdict and judgment as mere conflicts in the evidence furnish no ground for reversal if there is substantial evidence supporting the verdict and judgment.

Calvin Enfield was the owner of concessions in a carnival

that was operating in the city of Colton, among which was a dart game. The dart has a sharp steel point and is thrown at a card. The successful player receives a prize.

Defendant, members of his family and some friends visited the carnival on the evening of November 8, 1944. He played the dart game and won a chalk dog. He played other games and after a short time missed the dog. He returned to the dart game and engaged in an argument with a Mrs. Lewis, the operator. Enfield saw that an argument was in progress and came to the concession. The two men entered into an argument and blows were exchanged. Defendant struck Enfield over the eye with his fist which cut his face both above and below the eye socket. His eyeball was pierced by a sharp instrument and so badly injured that it had to be removed. No one saw anything in the hand of defendant with which he struck Enfield. The fight occurred within between two and seven feet in front of the dart concession where there were darts stuck into a board. There is evidence supporting the conclusion that no one other than defendant struck Enfield in the face though this was contradicted by witnesses for defendant.

It is admitted that a blow from a clenched fist alone could not have caused a rupture of the eyeball unless it was of sufficient force to crush the bony structure protecting the eye.

A physician who treated Enfield's eye, and finally had to remove the eyeball, testified that the puncture of the eyeball was caused by a sharp instrument and could have been caused by a dart held in the fist of defendant when he struck Enfield. He was of the opinion that it could not have been caused by the blow from defendant's fist alone.

The fact that a weapon was used in committing a crime may be proved by circumstantial as well as by direct evidence, like any other fact in a case.

The evidence offered by the prosecution was sufficient to support the conclusion drawn by the jury that defendant had some sharp instrument in his hand when he struck Enfield over the eye, and that such instrument pierced the eyeball. As this injury caused the loss of the eye the evidence was sufficient to support the conviction of mayhem. (Pen. Code, § 203.)

The judgment and order are affirmed.

Barnard, P. J., concurred.