[Crim. No. 4241.   Second Dist., Div. Three.   Sept. 13, 1948.]

THE PEOPLE, Respondent, v. CORNELIUS E. McWILLIAMS, Appellant.

Gladys Towles Root for Appellant.

Fred N. Howser, Attorney General, Frank Richards, Deputy Attorney General, William E. Simpson, District Attorney, Jere J. Sullivan and Robert Wheeler, Deputy District Attorneys, for Respondent.

SHINN, P. J.—Defendant was convicted of the offenses of assault with a deadly weapon and mayhem, upon proof of the commission of a single act, namely, the throwing of a heavy water glass which struck the complaining witness, Davis, in the face, and destroyed the sight of his left eye. Separate judgments were rendered; defendant was sentenced to two terms in state prison to run concurrently and he appeals from the judgments.

The grounds of appeal are that the evidence was insufficient to prove the offense of mayhem for the reason that there was no expert medical testimony that the sight of the eye had been destroyed, and also that defendant was improperly convicted of two offenses arising out of a single act. The evidence was that the occurrence took place in a cafeteria on East Fifth Street in Los Angeles, while Davis was sitting in a booth with a female companion. These two testified that defendant, who was acquainted with Davis' companion, came to her table, spoke with her and pulled her nose. A quarrel ensued, defendant picked up a heavy water glass and Davis a table knife. The altercation was temporarily halted, but immediately thereafter, while Davis was seated at the table, he was struck in the eye by a water glass thrown by defendant. The water glass was broken, as were also the eyeglasses of Davis which he was wearing at the time. The wound bled profusely and Davis was taken to the receiving hospital for treatment and from there to the county hospital. A police officer testified that defendant when arrested admitted having had a fight with Davis. Although defendant denied at the trial having been in the cafeteria on the night in question, no contention is made on the appeal that the evidence was insufficient to prove the commission by him of the alleged act.

The claim that the testimony of Davis was insufficient to prove that the eye had been destroyed is stated as follows: "It goes without saying that medical testimony of such a highly technical nature as that which concerns the eye and the various component parts thereof would be necessary for

proof of this fact. Obviously a layman could not testify that his eye had been put out, especially in view of the fact that his testimony was only two months after the alleged assault." This point should have been raised, if at all, in the trial court. The testimony of Davis was given without objection, but if objection had been made upon the ground that he was not a medical expert, it would have been ill-founded. Questioned as to what happened to his eyes, Davis testified that he "lost one . . . I have both of them but no sight in one . . . I still have my eye, but it is no good. It is just blank and I cannot see out of it." This testimony was given at the preliminary examination but, with other testimony, was admitted at the trial under stipulation. At the trial he testified that he had not regained the sight, that it was completely impaired and that he could not see a thing out of it. The latter testimony was given more than seven months after the date of the injury. No one could have been better qualified than Davis to testify that he had no sight in his left eye. The possibility that sight might eventually return after such a long period of complete blindness was not suggested at the trial. We can only infer that the appearance of the eye must have been such as to convince the participants in the trial that the loss of sight was permanent. Proof that a man has been wholly without sight in one eye for a period of more than seven months as a result of a traumatic injury to the eye must be deemed sufficient to prove that he is permanently blind in the injured eye, in the absence of evidence to the contrary. The contention that medical testimony was required to prove that there would be no restoration of vision appears to be an afterthought, and, in view of the evidence as to the nature of the injury, is without merit.

The evidence was sufficient to support the conviction of mayhem as to which the punishment provided is not to exceed 14 years in prison. The crime of assault with a deadly weapon is punishable by imprisonment for not to exceed 10 years. ▮ Even if it should be conceded for present purposes that the two offenses could not be carved out of a single act, it would not follow that the judgments should be reversed. The term of the sentence for the offense of assault with a deadly weapon will have been served while defendant is in custody under sentence for the offense of mayhem, which latter, for the purpose of comparison with the former, will be deemed to be for the maximum term of 14 years. Therefore, if there

was error, it was not prejudicial. (*People* v. *Anderson,* 75 Cal. App. 365 [242 P. 906] ; *People* v. *Sharp,* 58 Cal.App. 637 [209 P. 266]. See also, *People* v. *Pearson,* 41 Cal.App.2d 614, 618 [107 P.2d 463] ; *People* v. *Dallas,* 42 Cal.App.2d 596, 604 [109 P.2d 409].)

The judgments are affirmed.

Wood, J., and Vallée, J., concurred.