CHARLES F. DRISCOLL, PLAINTIFF IN ERROR, V. WILLIAM TROUGHTON, DEFENDANT IN ERROR.

1. **Verdict.** Where there is a conflict in the testimony and it is nearly equally balanced, a verdict will not be set aside as being against the weight of evidence.

2. **Instructions** set forth in the opinion, *Held,* To be predicated upon the testimony and not erroneous.

ERROR to the district court for Douglas county. Tried below before WAKELEY, J.

*Stowe & Day,* for plaintiff in error.

*A. C. Wakeley,* for defendant in error.

MAXWELL, CH. J.

The defendant in error, plaintiff below, filed his petition in the district court, stating as a cause of action that plaintiff is a carpenter and builder; that commencing on or about the 20th day of May, 1884, at the special instance and request of defendant Driscoll, plaintiff performed for said defendant work and labor, to-wit:

| | | | | | |
|---|---|---|---|---|---|
| June 2, 1883, | 10½ days' | work | | $31 | 50 |
| " 12, " | 5 " | " | | 15 | 00 |
| " 13, " | 8 hours' | " | | 2 | 40 |
| " 23, " | 14 days' | " | | 42 | 00 |
| | | Total | | $90 | 90 |

Defendant has refused to pay the same, therefore plaintiff asks judgment for $90.90.

The defendant in his answer denies the facts stated in the petition.

The cause was tried to a jury which found a verdict in favor of the plaintiff below in the sum of $98.75. A motion for a new trial having been overruled, judgment was rendered on the verdict.

The principal error relied upon in this court is, that the verdict is not sustained by the evidence.

The testimony of the plaintiff below was taken by deposition, and is in substance as follows:

"I am a contractor and builder—a carpenter by trade. Driscoll did employ me to work on the Crounse block, corner 16th street and Capitol avenue. One day while at the Crounse block he called me out into the alley back of the block and said: 'Here is a fence I want built.' (A tight board fence six feet high.) He said for me to build this fence and to do all the work that there was to be done in the house and keep it separate from Callan's work. I went and done the work as he directed. He said 'present

my bill to him when the work was completed, and he would pay it.' John Henry Vickery was present at the time. I did work for Driscoll under the agreement upon the fence and Crounse building by myself and others as follows:

| | | | |
|---|---|---|---|
| June 2d to 12, '83, | 10½ days | ............................... | $31 50 |
| "         12, | 5   " | ........................... | 15 00 |
| "         13, | 8 hours | ........................... | 2 40 |
| " 13 to 23, | 14  days | ........................... | 42 00 |
| | Total | ............................... | $90 90 |

" The work inside of Crounse block consisted of work upon windows, doors, elevator, basement floor, and other work; also fence and sidewalk were built as per agreement; don't remember particularly the items. The prices charged are fair, market prices. Have never received a cent from any one on this work. I presented my bill to Driscoll, but he refused to pay it."

J. H. Vickery testified in substance as follows:

"In May and June, 1883, I did some carpenter work on the Crounse building, 16th street and Capitol avenue. I was present at a conversation at Crounse block between Driscoll and Troughton in reference to certain work to be done about the building. Tom Callan was there. Troughton asked Driscoll how he should put up the fence. Driscoll told him. Troughton said some sheds and buildings were in the way. Driscoll said never mind; take them out of the way, and put it up just six feet from the wall. A piece of the sidewalk north of the building was torn up. Driscoll told him to put that down."

Q. What else did Driscoll say?

A. That Troughton should make out his bill as quick as he got through and fetch it to his office and he would pay it. I worked for Troughton; helped put up the fence; helped put that piece of sidewalk down; put some bars over windows in sidewalk, and did work on the inside. Troughton did some work for Callan separate from his

building; there were some screen doors made for Callan. The fence made is on the east side of the Crounse building. Don't know who put down sidewalk in area. I put in bars over the windows. I did no work for Troughton on windows or doors, only the screen doors. I did work on fence, sidewalk, and partitions in basement. Judge Crounse was not present at time of conversation. I was not sitting on a beer keg; I was working on the fence.

Q. Did Driscoll say what work he wanted Troughton to do?

A. All he told him about was the fence.

Q. Was there any other work inside the building he directed to be done?

A. Not at that time. Don't remember how high the fence was.

On cross-examination he testified:
work for Driscoll. There were some doors fitted up in the

" Mr. Callan was present at the time of the conversation between Driscoll and Troughton. The conversation had about building the fence was when we three. were there together, and it is the only conversation about building the fence as far as I know. Callan took part in the conversation and heard what was said at the time, and all of it. I could not tell what Callan said. I did not take any part in the conversation. Troughton and I were building the fence at the time. I don't know who ordered the work inside of the house. I know about the fence because that was the only conversation I heard; the rest I heard nothing about. Callan, Driscoll, Troughton, and myself were present. Callan and Driscoll had some conversation out of my hearing."

He testified on re-direct examination:

"Driscoll said to Troughton: Keep the two bills separate, so they won't get mixed up. I don't know all of the work that was being done for Driscoll or Callan, that ought to have been kept separate. Don't know that Driscoll had any interest in it."

This testimony is denied by the defendant below, plaintiff in error, and by one or two other witnesses, but the evidence is nearly equally balanced.

The verdict, therefore, cannot be set aside as being against the weight of evidence.

The court instructed the jury as follows:

" 1.    The plaintiff's claim in this case is for work and labor alleged to have been performed by himself and his employes, at the request and upon the credit and responsibility of the defendant, Driscoll.

" 2.    One of the disputed questions, and perhaps the one priucipally in dispute, is, whether or not the work sued for, or any of it, was so done upon Driscoll's credit and responsibility; the plaintiff claiming that Driscoll promised to settle with plaintiff for the work; and defendant denying this, and denying any promise or liability to the plaintiff.

" 3.    It does not seem to be established or claimed, that Driscoll was the owner of the building or premises on or about which the work was done; or that he had any interest in them which would make him liable, without an agreement or promise on his part—so that the plaintiff's claim rests upon the alleged promise or undertaking of Driscoll that he would settle for, or, in effect, be responsible for the work.

" 4.    If you find from the evidence that at or prior to the time when plaintiff did the work, Driscoll promised the plaintiff as above mentioned, and that the plaintiff did the work relying upon such promise and looking to Driscoll therefor, the plaintiff is entitled to recover therefor, notwithstanding Driscoll had no interest in the premises.    But if it was agreed that plaintiff should do the work for Callan or look to him for the pay, or that plaintiff had a settlement with Callan which included or covered the work here sued for, then plaintiff cannot recover.

" 5.    So far as there is a conflict in the evidence, it is your

sole province to reconcile it if you can; or, if you cannot, to determine which is true and which is untrue, and you are to give such weight to the testimony of any witness as you may deem it entitled to under all the circumstances of the case.

"6. The burden of proof is upon the plaintiff to establish his case by a fair preponderance of evidence to your satisfaction. If he has failed in that, you should find for defendant. But if he has so established his claim, either as to the whole or any part of it, then, to the extent to which he has so established it, you should find for the plaintiff, adding interest at 7 per cent per annum to the first day of this term, viz.: October 5, 1885."

These were excepted to by the defendant below, and the giving of the same is now assigned for error.

The instructions conform to the testimony in the case, and there was no error in giving the same.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.