[No. 20403. In Bank. — June 9, 1888.]

THE PEOPLE, RESPONDENT, v. THOMAS MADDEN, APPELLANT.

CRIMINAL LAW — INSTRUCTIONS NEED NOT BE REPEATED. — The refusal to give instructions which have already been given in substance is not error.

ID. — RECONCILING CONFLICTING TESTIMONY — DUTY OF JURY. — It is the duty of the jury in a criminal case to reconcile inharmonious and conflicting evidence, if they can, regardless of the conclusions to which it may lead. Therefore it is not error to refuse an instruction that it is their duty to endeavor to reconcile the evidence with the defendant's innocence.

ID. — ASSAULT WITH INTENT TO MURDER — SIMPLE ASSAULT — FIRING PISTOL. — In a prosecution for an assault with intent to commit murder, the refusal of an instruction that the defendant might be convicted of a simple assault is not error when the evidence shows that the assault, if any, consisted in firing a pistol at the prosecuting witness.

ID. — EVIDENCE — CONVERSATION OF THIRD PERSONS. — On the trial the court admitted in evidence a conversation had on the day before the assault, between a brother of the defendant and a third person. The other evidence showed that the matter talked about in this conversation was again mentioned by the defendant's brother just before the fight in which the assault was committed, and that the third person with whom the conversation was had participated in the fight. *Held*, that the evidence of the conversation was properly admitted.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*McQuaid & Wheeler*, for Appellant.

*Attorney-General Johnson*, for Respondent.

THORNTON, J.—The defendant was tried on an information for an assault with intent to commit murder, and was convicted for an assault with a deadly weapon. He moved for a new trial, which was denied. This appeal is prosecuted by him from the judgment and the order denying a new trial.

Our attention is first called by defendant's counsel to several requests on behalf of defendant, which were refused by the court, and to which exceptions were reserved.

It is contended that the court erred in refusing to give the requests numbered 4, 7, 10, 11, and 14, asked by defendant.

There was no error in refusing request 4, because it had been given in the instructions 1, 2, and 3, asked by defendant.

Request 7 is embraced in 5 and 6, which were given, as asked by defendant; therefore there was no error in refusing it.

Request 10 is embraced in 12 and 13, which were given, and there was no error in refusing it.

Request 10 relates to the law of self-defense. We think the law on that point was sufficiently set forth to the jury in instructions 12 and 13, and that no error was therefore committed by the court below in refusing it.

Request 14 was properly refused. The request embraced this proposition: That it was the duty of the jury to make a reasonable and conscientious endeavor to reconcile the facts and evidence in the case with defendant's innocence.

While it is the duty of the jury to endeavor to reconcile and to reconcile if they can discrepant and conflicting evidence, we do not know that they are bound to reconcile it with defendant's innocence. If after reconciling conflicting evidence, the conclusion reached is that defendant is innocent, they must so declare in their verdict; if the conclusion reached is that defend-

ant is guilty, they are bound so to declare. What we desire to say is, that the jury must reconcile inharmonious and conflicting evidence if they can, regardless of the conclusions it may lead to. We hold that the court committed no error in refusing the request above asked.

We find no error in the directions given by the court of its own motion; nor in refusing to direct the jury that they might find the defendant guilty of a simple assault. The defendant having fired his pistol at Jacobson during the fight which occurred at Ferris's saloon, if guilty at all, was guilty of something beyond a simple assault. In this view we think defendant sustained no injury in the refusal to direct the jury that they might render a verdict against defendant of a simple assault.

There was no error in the ruling of the court in admitting the testimony of the witness Axton, as to the conversation which took place at Renfro's saloon. The conversation took place between George Madden and Chub Hitchings.

There was evidence tending to show that the defendant and his brothers George and Mike, with Chub Hitchings, went together on the next day to Ferris's saloon; that the same matter mentioned in the conversation was there spoken of by George Madden to Ferris, just before the fighting there commenced, and that Hitchings participated in the fight. Under these circumstances, we are of opinion that the court committed no error in admitting the testimony. We find no error.

Judgment and order affirmed.

McFARLAND, J., SEARLS, C. J., SHARPSTEIN, J., PATERSON, J., and McKINSTRY, J., concurred.