## HOLDRIDGE V. LEE, Sheriff.

1. In an action for conversion, a complaint which, after alleging the taking of the property by defendant or sheriff under an execution, alleges that, within the time allowed by statute, the plaintiff prepared, subscribed, verified, and delivered to the defendant, as such sheriff, a schedule of all his personal property, which did not, as so shown and as alleged in said complaint, amount to $1,500, and made and served upon said sheriff a notice claiming the property so levied upon as exempt, and that such sheriff declined and refused to select an appraiser, or allow said property to be appraised, but sold the same against the protest and will of plaintiff, states a cause of action against the defendant sheriff, without alleging other or different demand.

2. The latitude of inquiry in the cross-examination of an interested witness is submitted to the sound discretion of the trial court.

3. Upon cross-examination, it is always allowable to ask any witness as to his relation to the subject-matter of his testimony, or to the parties whose interests are to be affected by it.

4. It is not error for the trial court to instruct the jury that, if they find the evidence apparently conflicting, it is their duty, if possible, to "harmonize" it. The difference between "harmonizing" discordant testimony and reconciling the same is not sufficiently substantial to support a claim that the jury might have been misled as to their duty in the premises.

(Syllabus by the Court.  Opinion filed June 2, 1892.)

Appeal from circuit court, Lake county.    Hon. FRANK R. AIKENS, Judge.

Action against sheriff for conversion.  Defendant answered, justifying under an execution.  Judgment for plaintiff.  Defendant appeals.  Affirmed.

The facts are fully stated in the opinion.

*Bailey & Stoddard,* for appellant.

A demand must be made when a party has lawfully come into possession of personal property before an action of trover or conversion will lie.    Tripp v. Pulver, 2 Hun, 511; Morris v. Bills, Wright, 343; Chapin v. Siger, 4 McLean, 378; Metcalf v. McLaughlin, 122 Mass. 87; Pitlock v. Wells, 109 Mass. 452.   In an action for trover or conversion evidence of the value of the property converted, *at some prior date*, is irrelevant and immaterial.   Waterson v. Seat, 10 Fla. 326; Palmer v. Terrill, 17 Pick. 58; McLaren v. Birdsong, 24 Ga. 359; Green v. City, 113 Mass. 262; Chandler v.

Jamaica, 122 Mass. 305.    The trial court erred in instructing the jury to harmonize the conflicting testimony.    Gotlieb v. Hailman, 3 Col. 53; Rudolph v. Lane, 57 Ind. 115.

*Palmer & Rogde,* for respondent.

Where there has been an actual conversion of the property or where a demand would be useless, no demand is necessary.    2 Hun, 511; Haas v. Taylor, 2 So. 633; Cobbey. Rep. §§ 459, 474; Simpson v. Wren, 50 Ill. 224; Shoemaker v. Simpson, 16 Kan. 43; Smith v. McLean, 24 Iowa, 322; Wood v. McDonald, 66 Cal. 546; Bristal v. Burk 7 Johns, 257; Gilmore v. Newton, 9 Allen, 171; Rosune v. Hodges, 47 N. W. 140.    In the case of an interested witness it is within the discretion of the trial court to allow a wide range of cross-examination.    Starkie on Ev. 171; Bangor v. Goodrich, 17 Wis. 80; Kirshuer v. State, 9 Wis. 133; Conklin v. Hawthorn, 29 Wis. 476; Sioux v. Bonnell, 33 Wis. 180; Reynold's Stephen Ev. art. 129. It is within the province of juries to harmonize conflicting testimony.    Moon v. Kendall, 2 Pinney, 599.

KELLAM, P. J.    Plaintiff and respondent claimed to be the owner and in possession of two certain horses, which defendant and appellant, as sheriff, seized under execution against respondent.    They were claimed by appellant as exempt, and steps were taken by him to establish such claim under the statute, and it is not contended but that the provisions of such statute were sufficiently followed.    The plaintiff recovered judgment, and the defendant appeals.    At the opening of the trial defendant objected to the introduction of any evidence by the plaintiff, because the facts stated in the complaint did not constitute a cause of action, it being contended in support of such objection that, although demand for the property was alleged to have been made by plaintiff, it did not appear that such demand was made after his claim of exemption had been made; that until such claim was established by plaintiff by pursuance of the statutory proceedings, the defendant was in rightful possession, so that the time of the demand and refusal was material to appear in the complaint.    We do not think this objection can be maintained against this complaint.    The complaint alleges that, within the time allowed by statute after the levy, the plaintiff prepared, subscribed, verified,

and delivered to defendant, as sheriff, a schedule of all his personal property, as provided in section 5130, Comp. Laws, "and made and served upon said sheriff a notice claiming the said property thus levied upon by him as aforesaid to be exempt." It is also alleged that the value of all of said personal property so scheduled, and all the personal property owned by plaintiff, did not exceed the sum of $1,500. If these several allegations were true, and this must be so taken for the purpose of disposing of this objection, their effect was to make the further dominion over such property by defendant for the purpose of sale under his execution wrongful. Section 5135, Comp. Laws, provides that the debtor must claim or demand the benefit of these exemptions within the time therein specified. The complaint alleges that this was done. Under the facts in this case, we think that this was all the demand that was necessary. The object of requiring a demand before suit is to inform the party against whom it is to be made of the adverse claim, and thus enable him to avoid litigation and expense by surrendering the property, if he so desire. A formal demand in this case would have given the defendant no further information than he already had. He knew plaintiff claimed the property as exempt, and had taken the statutory steps to have it so established. The patent purpose of such proceedings was to compel a return of the property to him, and a perfunctory demand would have added nothing to the defendant's duty in the premises. After the plaintiff, as execution debtor, had taken the steps pointed out in the statute, the property was exempt from sale; and when the defendant, as sheriff, "declined and refused to select an appraiser, or allow said property to be appraised," but "sold said property against the protest and will of the plaintiff," as the complaint alleges he did do, he was, in the absence of explanatory facts, guilty of conversion, and the objection to the admission of evidence on the ground stated was properly overruled.

It is further argued by appellant that the court erred in the admission of testimony as to the value of the property in controversy. A witness for the defendant, Mr. Fitz, had in his direct examination testified as to the value of the horses, and also that he had formerly owned them, and had sold them about a year before. On

his cross-examination he was asked what he got for each of the horses when he sold them. This was objected to, and the ruling of the court disallowing such objection is assigned as error. It already appeared that this witness was the president of the First National Bank, the plaintiff in whose favor the execution was issued under which this property was levied upon, and that he had given the defendant, as sheriff, his bond to indemnify him against loss on account of the sale of this property under this execution. He was directly interested in the result of this action, and in such cases the latitude of inquiry allowed in cross-examination is submitted to the sound discretion of the trial court, with a view to test the candor, consistency, and consequent value of the testimony. Evidently the object of this testimony was not to prove the value of the horses a year before as a measure for plaintiff's damages, but to show a fact that might bear upon the fairness or candor of the witness in his expressed judgment of what they were worth at the time of the taking. The subject of the inquiry was not so much the horses as the witness. It would not have been proper evidence on direct examination, but we think was allowable on cross-examination, and, under the plain instruction of the court to the jury that they should find the value of the horses at the time of their taking by defendant, December 1, 1887, they could not have misunderstood the purpose or permissible effect of the evidence to defendant's prejudice.

Error is also alleged in that the court allowed the defendant to ask, on his cross-examination, another witness who was called by plaintiff to prove the value of the horses, if he was a relative of Mr. Fitz, the witness whose testimony is last referred to. There was no error here. It is always allowable, on cross-examination, to ask any witness as to his relation to the subject-matter of his testimony, or to the parties whose interests are to be affected by it. This is one of the facts which the jury is entitled to, and ordinarily will take into account, in determining the weight which ought to be given to the testimony of any witness.

Finally, it is urged that the court erred in instructing the jury that, if they found the evidence conflicting, it was their duty to harmonize it if possible. Appellant insists that the court might

properly instruct a jury to "reconcile" conflicting evidence, if possible, but not to "harmonize" it.   It is quite probable that etymologically the two words are not synonymous, but, as commonly used, they are so nearly equivalent that we are entirely satisfied that the jury would have understood the rule of their duty as to conflicting evidence precisely the same whether they were told to harmonize or to reconcile such evidence.   In Sackett's Instructions to Juries (page 33) an instruction in the following words is suggested:   "If the jury find it practicable to deduce from the evidence any theory of the case which will harmonize the testimony of all the witnesses, it will be the duty of the jury to adopt that theory."   In Rudolph v. Lane, 57 Ind. 117, in speaking of inconsistent and contradictory evidence, the court says:   "The court below must judge of the credibility of the different witnesses, and weigh and reconcile their clashing evidence; and, if their evidence cannot be harmonized, the court below, or jury trying the cause, must determine which of the witnesses are the more worthy of belief."   We do not find any error in the record justifying a reversal of this judgment, and it is affirmed.

All the judges concurring.