HENGSTLER *v.* STATE OF INDIANA.

[No. 25,881. Filed March 30, 1934. Rehearing denied June 28, 1934.]

*J. B. Griffis* and *Feemster & Feemster,* for appellant.

*James M. Ogden,* Attorney-General, and *E. Burke Walker,* Deputy Attorney-General, for the State.

FANSLER, J.—Appellant was convicted of rape in the first degree upon a female child under the age of sixteen years.

Error is predicated upon the overruling of appellant's motions for a new trial and to withdraw the submis-

sion of the cause on account of misconduct of the prosecuting attorney. Error is also assigned upon the overruling of appellant's motion in arrest of judgment, but this error and the specification in the motion for a new trial that the verdict is not sustained by sufficient evidence are expressly waived.

Complaint is made of instruction No. 4 that it assumes to tell the jury what was necessary to be proven before the defendant could be found guilty, and that it does not tell it that it was necessary to prove the venue. The instruction is not mandatory and does not tell the jury that if certain things are proven the defendant may be convicted. It merely recites certain things that must be proven before the defendant can be found guilty.

Instruction No. 5 is criticized upon several grounds. The instruction advises the jury that if it finds certain facts the defendant would be guilty of rape. Appellant's first criticism is that it does not follow the word "find" with the words "beyond a reasonable doubt," but in other instructions the jury was fully advised upon the presumption of innocence and the law of reasonable doubt. This instruction, like instruction No. 4, does not include the venue among the facts enumerated. But again the instruction does not tell the jury that it must or may find the defendant guilty upon proof of the facts enumerated. It merely tells it that he would be guilty of rape if those facts are proven. The venue is not part of, nor does it affect, the crime. It involves only the jurisdiction. Certain acts constitute rape regardless of the county in which the crime was committed. Appellant tendered no instructions. If he desired that the jury be instructed that he could not be convicted unless it were proven that the offense occurred in Wayne county, he should have tendered such an instruction. It is also urged that

under the instruction the jury might be misled to believe that it might convict the defendant upon proof of facts showing some other rape, and not the one charged. We cannot take this contention seriously. The jury, of course, must have understood that the court was talking about the case on trial, and not some other case. We find no fault in the instruction.

By instruction No. 6 the jury was told that the affidavit in express terms charges rape in the first degree, but that it also, "in fact," charges him with certain included offenses. It is argued, first, that it injured the defendant by creating the impression that he was charged with numerous crimes instead of one. We cannot see that it is open to this objection. It was intended to and did advise the jury that it might convict the appellant of the principal crime charged or certain included offenses.

Among the included offenses described in instructions 6, 14, and 16 was "attempted rape." This crime is not an included offense. *Mann* v. *State* (1933), 205 Ind. 491, 186 N. E. 283.

Appellant contends that the fact that the jury convicted him of the greatest offense does not make these instructions harmless, and cites the case of *Gipe* v. *State* (1905), 165 Ind. 433, 75 N. E. 881, in support of his contention. But the situation there was quite different. In that case the defendant was charged with murder, by striking, beating, and forcibly throwing into a well. By an instruction, the court called attention to the provisions of a statute relative to the killing of a human being in the perpetration of, or attempt to perpetrate, the crime of robbery, and charged the jury that, if the defendant broke into the house under circumstances amounting to burglary, and the person whom he was charged with murdering was put in grave fear and lost her reason, and left the house

to jump into a well, which caused her death, the appellant would be guilty of murder in the first degree. This instruction was clearly erroneous since the state was bound to prove the crime to have been committed by the means charged. It was argued that the instruction, though erroneous, was harmless. The defendant was found guilty of involuntary manslaughter. The court said that, in view of the evidence, the instruction was strongly calculated to be influential because of its indication that there might be a conviction of homicide, although the conclusion of the jury as to the manner of killing might be wholly different than that charged, and that it could not be said that the conviction of voluntary manslaughter was not based upon the state of facts recited in the instruction rather than those charged in the indictment. But in this case there could have been no question of attempted rape, since the jury found the defendant guilty of an accomplished rape. The error was harmless.

Instruction No. 11 properly advised the jury, in language commonly used for that purpose, concerning the credibility of witnesses. Appellant complains of the last sentence in the instruction, which is as follows:

"You should, if possible, reconcile all the evidence in the case, for the presumption is that witnesses tell the truth; if, however, you find a conflict in the testimony of witnesses that you are unable to reconcile upon any consistent theory, then you must determine for yourself as to whom you will give credit."

It is contended that the instruction fails to tell the jury that the evidence should be reconciled, if possible, "with the presumption of the innocence of the defendant, or with the theory of defendant's innocence." The most that may be said against the instruction is that it does not go far enough. Appellant's remedy was to

tender an instruction covering the subject of the omission, which he did not do. However, it would seem that the right of a defendant to have conflicts in the evidence, or, in fact, unconflicting evidence, reconciled with the presumption of innocence, or with any reasonable theory consistent with innocence, is but an expression of the rule that the defendant is presumed to be innocent until the contrary is made to appear beyond all reasonable doubt. If the jury considers the evidence with these rules in mind, the inevitable result will be that the evidence will be reconciled, if possible, with any reasonable theory consistent with innocence.

Instruction No. 12 begins with this sentence:

"In order legally to convict the defendant of the crime charged, each juror must be convinced from the evidence beyond a reasonable doubt that the defendant is guilty of one of the crimes charged in the affidavit."

Appellant contends that under the instruction the jury may have believed that if it was satisfied that the defendant had committed the principal crime, or any of the three included crimes, it might convict him of the principal crime charged. Instruction No. 14 fully explains that if the defendant is found guilty, and there is any reasonable doubt of the crime of which he shall be convicted, the defendant must be given the benefit of the doubt, and that he may be convicted only of that crime of which there is no reasonable doubt of his guilt. We cannot conceive of the jury having been misled, as suggested.

By instruction No. 15 the jurors were told that they are the judges of the law and the facts. Appellant complains of the clause, "you should honestly, fairly and impartially endeavor to ascertain the law as it exists and as found in the statutes of this state," and says, "The law is not found in the statutes

of the state only but is found in said statutes as con-strued and interpreted by the higher courts." From the standpoint of the jury, appellant is in error. Juries are not bound by the interpretation courts may have put upon a statute. The instructions of the court and the opinions of courts of last resort may be considered by the jury, but it is the judge of the law. Appellant also complains that this instruction admonished the jury to consider all of the testimony introduced in the case, and to determine therefrom the guilt or inno-cence of the defendant; that there was evidence directed to the credibility of witnesses, and that the court gave no instruction limiting this class of evidence to its proper use. If appellant wished such an instruc-tion he should have tendered it. He also complains that the instruction is erroneous in directing the jury to determine the issue from a consideration of the *testi-mony*, and that the word should have been *evidence;* that *"testimony"* is the declaration or statement of a witness, and that the instruction in effect told the jury it should ascertain the ultimate facts from the state-ments of the witnesses alone, thus excluding all other means by which the existence and non-existence of the disputed facts could be established, as, for instance, the manner and appearance of witnesses. The objection is highly technical, of course. In seven different instruc-tions the jury is told that it must consider all of the evidence, and in No. 11 it is expressly told that it is proper to consider the appearance and conduct of a witness, his apparent candor, truthfulness, etc. The instructions as a whole fairly inform the jury as to the issue to be determined, and its duty in reaching a verdict.

While the prosecuting witness was on the stand, she had in her arms a child about two and a half years old.

The prosecutor asked her if it was her child, and, upon receiving an affirmative answer, asked when the child was born. There was an objection, and the prosecutor stated: "I think it is pertinent evidence, if the State can show it was within a period of nine months of this alleged assault that a child was born to her." The appellant objected to the question and to the conduct of the prosecuting attorney in making the statement, and made a motion that the submission of the cause be set aside and the jury discharged. The court overruled the motion, to which the defendant excepted. The court then orally instructed the jury that it was not to consider the child in any way, nor any reference made by the prosecuting attorney to that particular child. Appellant's theory is that the prosecutor's purpose was to call attention to the child so that the jury would consider its appearance in determining whether or not appellant was its father, and thus guilty of the crime charged; that this was improper and erroneous, and that the instruction of the court did not cure the error.

The prosecuting attorney's purpose in referring to the child, as disclosed by his statement, was a perfectly legitimate one, and we find no basis for the assertion that he was guilty of misconduct. We know of no rule of law that would prevent the prosecuting witness from having her child with her in the court room, nor is any complaint made of the fact that she did have her child with her. The approximate age of the child was no doubt apparent, and we know of no manner in which the jurors might have been prevented from observing it in the court room. While the questions by the prosecuting attorney might have directed the attention of the jurors to the child, it is doubtless true that they had already observed it. The court admonished the jury not to consider the matter, and we must assume that the

jurors heeded the admonition and gave no consideration to the incident, and if so appellant was not harmed. The whole matter was reviewed by the trial court upon motion for a new trial, and, since a new trial was denied, the trial judge must have believed that the defendant was not prejudiced by the incident.

Appellant cites the case of *Martin* v. *Lilly* (1919), 188 Ind. 139, 121 N. E. 443, in which it appears that the jury was admonished to disregard patent misconduct on the part of an attorney in the case, but in which the court held that, despite the admonition, it could not say that appellant was not prejudiced by the misconduct. But an examination of that case reveals that the misconduct was flagrant and oft-repeated, despite the admonition of the court, and that an examination of the evidence revealed that it did not support the judgment, in view of which it could not be said that the flagrant, oft-repeated misconduct had not prejudiced the appellant's rights.

In cross-examination the prosecuting witness was asked a question as to certain lewd acts upon her part, to which an objection was sustained. The fact inquired about was proven by the defendant, by another witness, and was not denied by the prosecuting witness on rebuttal, so that, even if the question were proper, we cannot say that the appellant was injured.

Appellant complains of permitting the prosecuting witness to testify as to her age upon information from her mother, and of permitting her mother to testify as to the date of the prosecuting witness' birth, and contends that this was not the best evidence. Such evidence is competent.

Upon cross-examination the defendant's wife was asked the following question: "Will you tell this Court

and jury at what times during that ten years you have been separated from your husband?"

The defendant objected to the question and the objection was overruled. The extent of cross-examination, for the purpose of testing the credibility of a witness, is largely within the discretion of the trial court. It is not apparent that there was any abuse of discretion, or that the appellant was harmed.

The defendant was asked: "Were you in jail, Bill, when he came there after you?" An objection to the question was overruled, and the ruling is predicated as error. Appellant correctly states the rule to be that the fact that a person may have been in jail or under arrest is not a proper subject for cross-examination. But it appears from other proper evidence, in the record without objection, that appellant was arrested and incarcerated in Toledo upon the charge upon which he was convicted in this case, and the question merely sought to elicit whether he was in jail when the officer came for him. The fact of his having been in jail in Toledo had already been developed. Appellant could not have been harmed by answering the question.

Judgment affirmed.