WILLIAM HENRY WILSON, ALSO KNOWN AS JAMES WILSON, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

34 N. W. 2d 880

Filed November 26, 1948.   No. 32458.

*John L. Mattox,* for plaintiff in error.

*Walter R. Johnson,* Attorney General, and *Walter E. Nolte,* for defendant in error.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

William Henry Wilson, also known as James Wilson, was convicted by the verdict of a jury on a charge of burglary in the district court for Otoe County, Nebraska, and sentenced to serve a term of three years in the state penitentiary. By petition in error to this court he seeks a reversal of the verdict and sentence. He will be here-inafter referred to as the defendant.

The factual situation here is that one R. P. Schruender was the owner and operator of a retail grocery and liquor store at 620 Central Avenue, Nebraska City, Nebraska. The store was broken into on the night of October 24, 1947, and several cases of whisky were removed, a portion of which was transported from the premises. It was for this act of breaking and entering or burglary that

the defendant was informed against, tried, convicted, and sentenced.

The brief of defendant contains numerous assignments of error but only a few require consideration. The others are so clearly without sound basis that comment with regard to them is not required.

Defendant says that he is entitled to a reversal because he had no preliminary hearing before an examining magistrate. It is true that no such hearing was had but this came about because following full information to defendant as to his rights such hearing was waived. A preliminary hearing before a magistrate is a right to which one charged with an offense triable to a jury in the district court is entitled but it is a right which may be waived by the person charged. Dinsmore v. State, 61 Neb. 418, 85 N. W. 445; Jahnke v. State, 68 Neb. 154, 94 N. W. 158; Meyers v. State, 104 Neb. 356, 177 N. W. 177; Greenough v. State, 136 Neb. 20, 284 N. W. 740. There was a rehearing and a new opinion in Jahnke v. State, *supra*, but this principle was not disturbed.

If this were not true still under another rule this assignment would not be available to defendant. This court said in Coffield v. State, 44 Neb. 417, 62 N. W. 875: "It is too late after verdict to raise the objection that a preliminary examination has not been had for the crime charged in the information. Such objection must be raised before going to trial by motion to quash the information or by plea in abatement." This statement was quoted with approval in Meyers v. State, *supra*. See, also, Nelson v. State, 115 Neb. 26, 211 N. W. 175; Roberts v. State, 145 Neb. 658, 17 N. W. 2d 666. No such motion or plea was made.

The contention of another assignment is that it was error to allow the verdict to stand since the conviction rests solely and alone upon the uncorroborated testimony of an accomplice. Proof of breaking and entering and the removal of the property involved was made, it is true, solely by the testimony of a witness admittedly an

accomplice. As authority reliance is had upon Jahnke v. State, *supra.*

No such rule was laid down in that case. The court made no determination of such a question in the opinion. All that appears on the subject is in the second opinion and is the following: "If the testimony of an accomplice who can so readily change his evidence from time to time is alone sufficient to support a conviction of so serious a charge, still this record contains a conclusive reason compelling us to reject his testimony."

In a syllabus point it was said: "The evidence of an accomplice should be closely scrutinized. If it appears that such witness has willfully sworn falsely in regard to a material matter upon the trial, his evidence cannot be sufficient, if uncorroborated, to support a verdict of guilty."

It is clearly observable that the testimony of the witness in question was not rejected on the ground that he was an accomplice but on the ground that he had given other testimony which was palpably false.

The rule as stated can have no application here since the basis for rejection is not present. There is nothing in this record upon which to base a conclusion that any of the testimony of the accomplice was palpably false.

This court has consistently held to the rule that a conviction may, in this kind of case, rest upon the testimony of an accomplice where, considered with all the evidence, it satisfies the jury beyond a reasonable doubt of the guilt of the accused. Olive v. State, 11 Neb. 1, 7 N. W. 444; Lamb v. State, 40 Neb. 312, 58 N. W. 963; Lawhead v. State, 46 Neb. 607, 65 N. W. 779; State v. Routzahn, 81 Neb. 133, 115 N. W. 759, 129 Am. S. R. 675; Barnes v. State, 124 Neb. 826, 248 N. W. 381; Millslagle v. State, 137 Neb. 664, 290 N. W. 725.

The defendant urges that it was error to give instruction No. 9-a. The grounds for objection are that the instruction was untimely or too late and that it responded to no issue in the case.

The effect of the instruction was to tell the jury that if the defendant aided, abetted, or procured another to commit the offense charged he could be prosecuted and punished as if he were a principal offender.

An examination of the record discloses that the evidence was in proof of guilt of this defendant as a principal and not as an aider, abettor, or procurer hence the instruction was upon an issue not presented. It was therefore, as contended, error to give it. The error was however without prejudice and cannot be considered as ground for reversal. The giving of it could have in nowise prejudiced any substantial right of the defendant. Unless the error complained of could be considered as prejudicial to the rights of defendant it may not be considered here as ground for reversal. § 29-2308, R. S. 1943; Mason v. State, 132 Neb. 7, 270 N. W. 661; Jackson v. State, 133 Neb. 786, 277 N. W. 92.

The next assignment to be considered is a contention that it was error to include the following in instruction No. 12: "* * * you have no right to reject the testimony of any of the witnesses without good reason and should not do so until you find it irreconcilable with other testimony which you may find to be true."

The entire instruction of which this is a part is the following: "It is your duty to carefully scrutinize and to dispassionately weigh the testimony of all the witnesses, giving to the several parts of the evidence such weight as in your judgment it should receive. Weight of evidence depends upon the credibility of witnesses, their accuracy of observing and remembering, their interest, bias or prejudice, if any, and their means of knowing the matters concerning which they testified. You are the sole judges of the credibility of the witnesses, and of the weight to be given to their testimony. You are not bound to accept as true any statement simply because it is sworn to by the greater number of witnesses, nor are you bound to accept the testimony of any witnesses as absolutely true if for any good reason it

appears unreliable or untrue. Yet, you have no right to reject the testimony of any of the witnesses without good reason and should not do so until you find it irreconcilable with other testimony which you may find to be true."

The only testimony in proof of the commission of the alleged crime was given by one Eldo Merl Klingenberg who, according to his testimony, was an accomplice in the commission of the crime. There was no evidence offered or adduced in refutation of the testimony of Klingenberg in this respect.

The contention of defendant in this respect is that notwithstanding the earlier directions, explanations, and admonitions of the instruction the portion objected to failed to leave the jury free to reject the testimony as false or incredible even though they may have disbelieved it or had a reasonable doubt as to its falsity or credibility. He says that the effect of the statement was to say to the jury that the testimony of Klingenberg was to be accepted as true since there was no irreconcilable testimony or testimony to the contrary.

We think the provision of the instruction contains the significance thus attached to it by the defendant. The testimony of no witness, especially if the witness be an accomplice, is surrounded with such sanctity as to require it to be accepted by triers of fact as true in the absence of controversion by other witnesses or conflict with other testimony. Millslagle v. State, *supra*. Clearly then the court was in error in giving it.

The State urges that if the court erred in this respect the error was without prejudice and does not constitute ground for reversal. It relies on the following from section 29-2308, R. S. 1943: "* * * No judgment shall be set aside, or new trial granted, or judgment rendered in any criminal case, on the grounds of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, if the Supreme Court, after an examination

of the entire cause, shall consider that no substantial miscarriage of justice has actually occurred." See, Lorimer v. State, 127 Neb. 758, 257 N. W. 217; Jurgensen v. State, 135 Neb. 537, 283 N. W. 228.

The effect of this statute is not however to authorize this court to declare that there has been no substantial miscarriage of justice in a criminal case merely because the court from an examination of the evidence may believe the defendant guilty of the crime charged. Scott v. State, 121 Neb. 232, 236 N. W. 608.

This court has held that where a substantial right of a defendant has been invaded or abridged this statute may not be effective to sustain a conviction. Fetty v. State, 119 Neb. 619, 230 N. W. 440.

This court has consistently held that in cases tried to them juries are the judges of the credibility of witnesses and of the weight to be given to their testimony and, within their province, they have the right to credit or reject the whole or any part of the testimony of a witness in the exercise of their judgment. Baker v. Racine-Sattley Co., 86 Neb. 227, 125 N. W. 587; Dore v. Omaha & C. B. St. Ry. Co., 97 Neb. 250, 149 N. W. 792; Kraemer v. New York Life Ins. Co., 134 Neb. 445, 278 N. W. 886.

The right of a defendant in a criminal case, or in truth the right of a litigant in any case triable to a jury, to have the jury weigh the evidence free from interference, we think, is a substantial right and a restriction upon or abridgment of that right by the trial court in instructions to a jury amounts to the deprivation of the benefits of this substantial right. In such an instance the statute relied upon by the State has no application.

We therefore conclude that the giving of the portion of the instruction to which objection was directed was prejudicially erroneous and for that reason the conviction and sentence should not be allowed to stand.

The verdict and sentence of the district court are

vacated and set aside and the cause is remanded to the district court for a new trial.

REVERSED AND REMANDED.