### 38556. SMITH v. THE STATE.

JORDAN, Judge. Henry Smith was indicted in the Superior Court of Tattnall County for murder, and was convicted of voluntary manslaughter. He assigns error on the overruling of his motion for new trial on the general grounds and three special grounds. *Held:*

1. Special ground 1 complains of the following charge, "If you find there is a conflict in the evidence it is your duty to reconcile that conflict if you can do so without imputing perjury to any witness or witnesses. However, if you cannot reconcile such conflict, if you find there is a conflict, then it would become your duty to accept and adopt that evidence which addresses itself to your minds and consciences as being the most reasonable, the most probable and the most truthful," it being contended that said charge deprived the defendant of his right to have his statement reconciled if possible with the testimony of the witnesses. The court elsewhere in its charge appropriately instructed the jury that they might believe the defendant's statement in preference to the sworn testimony, and as held in *Bivins v. State*, 200 Ga. 729, 730 (4) (38 S. E. 2d 273): "It is not error to fail to charge that the defendant's statement may be considered in connection with the conflicts in the evidence, and that the jury may believe the statement in preference to the testimony of any witness, where the court elsewhere in the charge appropriately instructed the jury that they might believe the

defendant's statement in preference to the sworn testimony." This assignment of error is without merit.

2. Ground 2 of the amended motion assigns error on the failure to charge the provision of *Code* § 26-1017 which provides: "The homicide appearing to be justifiable, the person indicted shall, upon the trial, be fully acquitted and discharged." Ground 3 complains of the failure of the court to inform the jury distinctly that if they believed that the defendant was justified in the killing, and that he had satisfied them of the truth of his plea of self-defense, they should acquit him. The court sufficiently instructed the jury as to the law of justifiable homicide, and in its general charge, instructed them that if they believed the defendant was justified, under the rules of law given in charge, it would be the duty of the jury to acquit him. These assignments of error are without merit. *Robinson v. State,* 118 Ga. 198 (4) (44 S. E. 985); *Taylor v. State,* 121 Ga. 348, 356 (10) (49 S. E. 303).

3. The State's evidence disclosed that on the day of the killing the deceased, the defendant and several other persons had been gambling at the defendant's place of business. The defendant became angry when the deceased refused to return a sum of money which he had won from the defendant, and thereafter, the defendant refused to sell the deceased a half-pint of moonshine liquor and ordered him out of his place of business. A quarrel ensued between the parties during which the defendant suddenly grabbed a shotgun from under the counter, behind which he was standing, and shot the deceased who was standing, unarmed, near a swinging gate leading to the rear of the counter. According to testimony elicited in behalf of the defendant, the deceased held a knife in his hand and was advancing upon the defendant when the shooting occurred.

There being ample evidence to support the verdict of voluntary manslaughter, and none of the special grounds being meritorious, the judgment denying the motion for new trial is without error.

*Judgment affirmed. Townsend, P. J., Carlisle and Frankum, JJ., concur.*

DECIDED NOVEMBER 14, 1960.

*J. T. Grice,* for plaintiff in error.

*B. D. Dubberly, Solicitor-General,* contra.