STATE OF NEBRASKA, APPELLEE, v. GARRY C. MAY, APPELLANT.

121 N. W. 2d 564

Filed May 17, 1963. No. 35211.

See 174
Neb. 717, 119 N. W. 2d 307, for original opinion.

Jack L. Craven and Martin A. Cannon, for appellant.

Clarence A. H. Meyer, Attorney General, and Cecil S. Brubaker, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

The State contends in its motion for a rehearing that this court was in error in holding in its former opinion that the giving of instruction No. 17 constituted prejudicial error. See State v. May, 174 Neb. 717, 119 N. W. 2d 307. After a further consideration of the question we conclude that instruction No. 17 was free from error and that this court incorrectly held to the contrary.

Instruction No. 17 was as follows: "You are the sole judges of the credibility of the witnesses and the weight to be given to their testimony. In determining the weight which the testimony of the witnesses is entitled to receive, you should take into consideration their interest in the result of the suit, if any; their conduct and demeanor while testifying; their apparent fairness or bias or relationship to the parties, if any such appears; their opportunity for seeing or knowing the things about which they have testified; their ability to remember and relate accurately the occurrences referred to in their evidence; the extent to which they are corroborated, if any at all, by circumstances or the testimony of credible witnesses; the reasonableness or unreasonableness of their statements; and all other evidence, facts and cir-

cumstances proved tending to corroborate or contradict such witnesses. Insofar as there may be any conflict in the evidence it is your duty to reconcile it if you can; if you cannot, then to determine which is true and which is untrue, and give such weight to the testimony of any witness as in your judgment it should have under all the circumstances of the case." The effect of our former opinion was to hold that the last sentence of the instruction prejudicially infringed upon the right of the jury to judge the credibility of the witnesses and the weight to be given to their testimony.

We cited Wilson v. State, 150 Neb. 436, 34 N. W. 2d 880, and Frank v. State, 150 Neb. 745, 35 N. W. 2d 816, in support of this holding. We think these two cases were correctly decided but that they have no application to the instruction we have in the case before us. In those cases the instructions told the jury that it had no right to reject the testimony of any of the witnesses without good reason and that it should not do so unless the jury found it irreconcilable with other testimony which it may find to be true. These instructions were prejudicially erroneous in that the jury was told that it could not disbelieve a witness unless his evidence was irreconcilable with other testimony which it found to be true. A jury has the right, of course, to disbelieve a witness, whether or not there is credible evidence in conflict with the evidence of the witness.

It is contended here that an instruction, which tells the jury that it is its duty to reconcile conflicting evidence if it can, and if it cannot, then to determine which is true and which is untrue, infringes upon the right of a jury to be the sole judge of the weight and credibility of evidence. We do not think that an instruction, which tells the jury to harmonize conflicting evidence if it can, and if it cannot, to determine which is true and which is untrue, in any manner invades the province of the jury. The identical instruction now before us was before the court in Franz v. State, 156 Neb. 587, 57 N. W.

2d 139. We there held that the instruction did not violate the rule that the credibility of witnesses and the weight to be given their testimony are for the jury and, within its province, it has the right to reject the whole or any part of the evidence of any witness. This court has approved instructions of similar import in many cases. Driscoll v. Troughton, 22 Neb. 260, 34 N. W. 497; Albright v. Brown, 23 Neb. 136, 36 N. W. 297; Ballard v. Hansen, 33 Neb. 861, 51 N. W. 295; Hirschberg Optical Co. v. Michaelson, 1 Neb. (Unoff.) 137, 95 N. W. 461. No holdings of this court have been pointed out to us, nor have we found any, which conflict with this line of cases.

We have searched the decisions of other jurisdictions on the question here presented. Our present holding is supported by the following cases: Holdridge v. Lee, 3 S. D. 134, 52 N. W. 265; Rudolph v. Lane, 57 Ind. 115; Warnack v. State, 7 Ga. App. 73, 66 S. E. 393; Smith v. State, 102 Ga. App. 685, 117 S. E. 2d 546; Hengstler v. State, 207 Ind. 28, 189 N. E. 623; People v. Madden, 76 Cal. 521, 18 P. 402; Adams v. State (Tex. Cr.), 20 S. W. 548; Lancaster v. State, 36 Tex. Cr. 16, 35 S. W. 165; McLeod v. State, 128 Fla. 35, 174 So. 466; Shelton v. State, 144 Ala. 106, 42 So. 30. We have found no decisions to the contrary.

We have concluded that our former opinion was in error in holding instruction No. 17 to be prejudicially erroneous. We withdraw that part of our opinion in State v. May, *supra,* dealing with instruction No. 17 and substitute this opinion therefor. After making this change in the former opinion we overrule the motion for a rehearing.

FORMER OPINION MODIFIED.

MOTION FOR REHEARING OVERRULED.

SPENCER, J., dissenting.

The objectionable part of instruction No. 17 is the following: "Insofar as there may be any conflict in the evidence it is your *duty to reconcile* it if you can; if

you cannot, *then to determine* which is true and which is untrue, * * *." (Italics supplied.)

Possibly one trained in the law would understand that when the jury is told it is the sole judge of the credibility of the evidence, the word "duty" as used does not have its usual connotation, but would a layman so understand it?

Webster's New International Dictionary (2d ed., Unabridged), p. 802, defines "duty" as: "That which is required by one's station or occupation"; and "That which a person is bound by moral obligation to do or not to do; * * *."

If a jury *must reconcile,* we are restricting its right to discard or reject undisputed testimony. This is emphasized by the words "if you cannot (reconcile), *then to determine* which is true and which is untrue; * * *."

If testimony can be reconciled, and the jury still does not believe it, must it be accepted? The inference is that it must.

What does this wording do in a criminal case to the presumption of innocence if the defendant does not testify?

If an instruction, particularly in a criminal case, could be misconstrued, should we not presume that it was so misconstrued?

I believe instruction No. 17 to be prejudicial to the rights of the defendant.

Judges Yeager and Boslaugh have authorized me to say that they join in this dissent.

WHITE, C. J., concurring.

As the supplemental opinion points out, this identical, or almost identical, sentence as a part of the credibility instruction, has been declared faultless in many Nebraska cases, as late as Franz v. State, 156 Neb. 587, 57 N. W. 2d 139. No case can be discovered to the contrary. An admonition to reconcile *evidence* and to conform it to reason, if possible, is something quite different from a mandate to reject a witness' testimony on certain

conditions, which was the basis of the holdings relied upon in the original opinions in Wilson v. State, 150 Neb. 436, 34 N. W. 2d 880, and Frank v. State, 150 Neb. 745, 35 N. W. 2d 816. The Franz holding, clearing this instruction from an identical attack, was after the Wilson and Frank cases, and without dissent.

"Should" is the past tense of the word "shall." Webster's New Twentieth Century Dictionary (2d ed.), p. 1679, gives this primary meaning, "an auxiliary used to express obligation, *duty,* propriety, *necessity.*" (Italics supplied.) Let us look at this whole instruction quoted in the supplemental opinion, the other portions referred to here being our classic jury instruction and unchallenged in our instructional history. First, we tell the jurors that they are the "sole judges" of credibility and "weight" of the evidence. Then, we tell them that in weighing the evidence they should (i.e., obligation to, their duty to) consider:

1.  The interest of the witness in the result of the case.
2.  His conduct and demeanor.
3.  His apparent fairness or bias.
4.  His memory and opportunity for observation.
5.  The extent of corroboration.
6.  *The reasonableness or unreasonableness of his testimony.*

We have never considered this direction as to principles to be used in evaluating weight as touching on or invading the jury's sole prerogative to determine weight and credibility. No one suggests that an inference of judicially directed rejection may be inferred from the language used. Now if a jury "should," if it has the duty to, determine the reasonableness or unreasonableness of the testimony, then in order to perform that "duty," it follows that it should determine the reconcilability of evidence, *if it can.* To reconcile (Webster's New Twentieth Century Dictionary, 2d ed.) means "to settle or compose a difference," "to bring into harmony."

Reasonable means "amenable, conformable, or agreeable to reason." Is the testimony harmonious with, amenable to, and agreeable to human reason and experience?

To reconcile *the evidence,* to settle and compose it, and make it agreeable to reason, *if you can,* is nothing more than a guideline to the jury to apply the fundamental processes of human reason. Resolving conflicts in the *evidence,* embracing but not synonymous with credibility is almost the total function of the jury.

The original opinion and dissent to the supplemental opinion seem to assume that the court by using the language in question, requires the jurors to reconcile or harmonize evidence which they might independently find to be untrue.

There is no language in this instruction that says this. Because of the chronology of pronouncement in the challenged sentence, it is apparently assumed that there is a bar to credible consideration until reconciliation is disposed of. Such a hair-splitting differential ignores the context and the total impact of the contextual meaning disclosed on full reading. This is made abundantly clear in the conjunctive admonition at the end, "and give *such weight* to the testimony *of any witness as in your judgment it should have under all the circumstances of the case."* (Italics supplied.)

There are two further considerations here which are important:

1. There is no restriction on the range of the jury's original determination of what evidence it shall consider to be "conflicting or irreconcilable."

2. A jury is a legal unit, but in the deliberative process, it is composed of 12 individual persons also. The composing of differences and the reconciliation process are of the essence of its function. Irreconcilability often reveals falsity in evidence or testimony that is apparently credible, and reconciliation may support an otherwise apparently poor witness.

These processes are interwoven in the attempt to reach the truth. And, finally, what recourse would a jury have, irreconcilability having been determined, other than an independent determination of truth or untruth. If the jurors were told that they must reconcile evidence they would otherwise find to be untrue, or to reject the testimony of any witness, then the holdings in the Wilson and Frank cases would become applicable.

The power and the freedom to determine credibility is not invaded. The admonitions and guidelines of principle for the evaluation of weight are properly enjoined upon the jury. Nothing less should be asked of the jury, and nothing more can be required by the court.