STATE OF NEBRASKA, APPELLEE, V. KENNETH GRAHAM, APPELLANT.

171 N. W. 2d 62

Filed October 3, 1969. No. 37028.

A. Q. Wolf and Fred J. Montag, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

The defendant, Kenneth Graham, was convicted of burglary by a jury. The sole issue on defendant's appeal is whether the State met the burden of establishing the voluntariness of a statement made by the defendant, within the ambit of the Miranda rules. We affirm the judgment and sentence.

The defendant was arrested at approximately 5 a. m. on the morning of December 27, 1967. The burglary with which he was charged had been committed July 19, 1967. At approximately 9:15 a.m. on December 27, 1967, defendant was taken to the interrogation room at the Omaha police station. After full and complete Miranda warnings and a waiver of rights, the defendant made a statement to the officer disclaiming any knowledge of the burglary. He was returned to the jailer at 9:30 a.m., and the officers continued their investigation in the field. The following afternoon, December 28, 1967, the defendant was again taken to an interrogation room. The full Miranda rights advisory warnings were again read to him. The State's testimony was that he was willing to make a statement, and affirmatively waived the services of an attorney after having been fully advised of his rights as required by Miranda. The officers then advised the defendant that they had statements from persons involved in the burglary, and that these statements implicated the defendant. The defendant, at his request, read these statements, and then made and signed his own statement and confession. There is no issue of misrepresentation as to the statements shown to the defendant, and the persons who made them testi-

fied to the essential substance of them at the defendant's trial, and prior to the hearing on voluntariness.

The police officers specifically testified that they made no promises or threats of any kind to the defendant. The officer who had interrogated the defendant on both occasions also testified that the defendant had never at any time asked him to see a lawyer or to use a telephone.

The defendant then testified that he had repeatedly requested the services of an attorney and the use of a telephone from unidentified and unnamed individuals at unspecified times, and that he had also made those requests to the officer who took his statement. He also testified that he signed the statement because the officers threatened to involve his brother, and also promised that if the statement was signed a low bond would be set.

The defendant contends that since the State did not produce rebuttal testimony directly denying the defendant's testimony of a specific promise and threat; nor his testimony of repeated requests for an attorney and the use of a telephone at unspecified times and to unidentified persons, the State did not meet the burden of proving voluntariness. The defendant's position is essentially that the testimony of a defendant on any specific point going to the issue of voluntariness is required to be accepted as true in the absence of direct controversion of that specific point. We cannot agree. It is evident that there was a direct conflict in the testimony as to some points, and the defendant's testimony might be said to be impliedly controverted on all points. Even if it were conceded that some portions of the defendant's testimony were uncontradicted, that would not require those portions to be accepted as true. Credibility is for the trier of the facts and the uncontradicted testimony of a witness does not have to be accepted. See, Wilson v. State, 150 Neb. 436, 34 N. W. 2d 880; Tyler v. Beto, 391 F. 2d 993. Miranda did not put a cloak of sanctity on the testimony of a defendant, or of a police officer, even though the testimony might be uncontradicted.

Factual issues as to voluntariness must be first determined by the court, and again by the jury if the court has first determined a statement to be voluntary.

Here the court properly found that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to counsel, and that the confession or statement of December 28, 1967, was freely and voluntarily made.

The action of the court in admitting the confession or statement into evidence was correct and is affirmed.

AFFIRMED.